ROB BONTA
Attorney General of California
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
KRISTI HUGHES
HARALD H. KIRN
ZELDA VASSAR
CHRISTOPHER J. KISSEL
Deputy Attorneys General
State Bar No. 333937
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6388
  E-mail:  Christopher.Kissel@doj.ca.gov

*Attorneys for State of California and*
*California Governor's Office of Business and Economic*
*Development*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA**, et al., | Case No. 3:26-CV-01417-RFL |
| Plaintiffs, | Assigned to the Honorable Rita F. Lin |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| **CHRISTOPHER WRIGHT**, et al., | |
| Defendants, | |

After conferring on April 1, 2026, the parties submit this proposed case management order.

**1. Jurisdiction and service**

**Jurisdiction:** Plaintiffs invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1331. They contend that this Court has authority to grant the relief sought in their complaint under 28 U.S.C. §§ 2201 and 2202 and 5 U.S.C. §§ 705 and 706.

Defendants contend that to the extent any court has jurisdiction over the claims in this case, jurisdiction is only proper in the Court of Federal Claims under the Tucker Act. Plaintiffs contend that this Court has jurisdiction and dispute that its jurisdiction over any of the claims in the Complaint is precluded by the Tucker Act.

**Personal jurisdiction and venue:** The parties agree that this Court has personal jurisdiction over this action. The parties agree that venue here is proper.

**Service:** No parties remain to be served.

**2. Facts**

This case concerns the May 15, 2025, policy memorandum entitled "Secretarial Policy on Ensuring Responsibility for Financial Assistance" ("DOE Memo") and issued by the Secretary of Energy, and actions by the U.S. Department of Energy ("DOE") and the U.S. Office of Management and Budget ("OMB") to review and terminate DOE awards. Plaintiffs allege that those actions furthered Defendants' efforts to eliminate DOE programs. It also concerns the termination of various funding awards to sixteen "blue" States pursuant to that review. Plaintiffs are thirteen States and the California Governor's Office of Business and Economic Development ("GO-Biz"). Defendants are DOE, the Secretary of Energy Christopher Wright, OMB, and the Director of OMB Russell Vought, all in their official capacities.

Plaintiffs filed this case on February 18, 2026. ECF 1. On March 11, 2026, the case was related to *Thakur v. Trump*, No. 25-CV-04737-RFL (N.D. Cal.). ECF 29. The parties conferred on April 1, 2026, pursuant to Federal Rule of Civil Procedure 26(f), notwithstanding Defendants' position that this is a record review case and therefore exempt from Rule 26(f) procedures, and this Court's March 13, 2026, notice setting the Initial Case Management Conference for April 22, 2026.

1

### 3. Legal Issues

**Plaintiffs' Statement:** Defendants executed a Trump Administration policy to review and wholly or partially eliminate disfavored energy and infrastructure programs created and funded by Congress. The policy originated in Executive Orders issued by President Trump in January 2025. The Administration's early efforts to implement the policy, including an across-the-board freeze of all federal funding to facilitate the Administration's review of awards for alignment with its policies, were enjoined by multiple federal courts. Thereafter, Defendants colluded to continue implementing the policy through less overt means. Defendant DOE announced a nebulous and opaque "review" process to provide pretext for Defendants' efforts to eliminate programs approved by Congress. Evidence—including a "kill list" of targeted DOE awards compiled in or about March 2025—demonstrated that Defendants' effort to interfere with Congress's priorities preceded DOE's May 2025 memorandum purporting to announce the creation of a new award-review process. On October 1, 2025, the first day of a government shutdown, OMB Director Russell Vought announced the termination of "[n]early $8 billion in Green New Scam funding" administered by DOE, which, he claimed, was being used "to fuel the Left's climate agenda." DOE then confirmed the terminations.

Defendants' actions were unlawful in numerous respects. First, they violated the separation-of-powers principles of the U.S. Constitution. The Constitution assigns Congress supreme authority over federal spending and the power to create and terminate programs. It also requires the Executive Branch to faithfully execute Congress's legislative commands. Defendants endeavor to eliminate, in whole or in part, programs created by Congress and the funding Congress appropriated to support them, which violates those principles. *See City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1235 (9th Cir. 2018). Second, Defendants' actions violated the Administrative Procedure Act, which provides that agency actions must be set aside if contrary to law or arbitrary and capricious. 5 U.S.C. § 706(2). Defendants' efforts to eliminate programs created by Congress were contrary to the Constitution and the laws that authorized and funded those programs. They were also arbitrary and capricious; Defendants' policy was facially unreasonable in light of, among other things, Congress's priorities for the targeted programs,

2

Plaintiffs' serious reliance interests, and Defendants' use of the policy for political retribution. *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 30 (2020). Finally, Defendants' award terminations violated the First and Fifth Amendments because they penalized disfavored viewpoints, *Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 587 (1998), and targeted awardees for disfavorable treatment without any permissible basis, *Clark v. Jeter*, 486 U.S. 456, 461 (1988).

**Defendants' Statement:** Given the early stage of this case, it is not yet clear which legal issues will be in dispute.  However, Defendants intend to argue that there is no jurisdiction over Plaintiffs' claims.  To the extent that Plaintiffs are challenging the DOE grant terminations and seek reinstatement of those grants, that is a contract action and accordingly must be heard in the Court of Federal Claims.  *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (2025) (citing *Dep't of Educ. v. California*, 604 U.S. 650, 651 (2025)).  And to the extent that Plaintiffs seek to separately challenge the DOE Memo, such guidance is not a final agency action reviewable under the APA, *id.* at 2662 (Barrett, J., concurring), and Plaintiffs lack Article III standing to bring such a challenge because the relief sought would not redress the injuries alleged. *See Regents of Univ. of California v. Shalala*, 82 F.3d 291, 298 (9th Cir. 1996).

### 4.  Motions

There are no motions outstanding. Defendants anticipate moving to dismiss and moving to transfer any claims challenging grant terminations to the Court of Federal Claims and, should any claims not be dismissed or transferred, Defendants would likely move for summary judgment. Plaintiffs anticipate moving for summary judgment.  The parties reserve their rights to bring other motions they deem necessary.

### 5.  Amendment of pleadings

The parties currently do not contemplate amending the pleadings to add parties, claims, or defenses.

### 6.  Evidence preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding the preservation and

discovery of ESI. The parties do not anticipate any issues regarding or disputes over ESI in this case.

### 7. Disclosures

**Plaintiffs' Statement:** Plaintiffs made their initial disclosures on April 15, 2026, pursuant to Federal Rule of Civil Procedure 26(a).

**Defendants' Statement:** Defendants objected at the Rule 26(f) conference that initial disclosures are not appropriate in this matter, as this should be a record review case. Accordingly, the parties' initial disclosures would be due, if at all, at a time set by the Court.

### 8. Discovery

**Plaintiffs' Statement:** Discovery is appropriate. The discovery period is open as of April 1, 2026, the date the parties conducted the scheduling conference required by Rule 26(f). Fed. R. Civ. P. 26(d); *Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, No. 25-CV-03698-SI, 2025 WL 2098628, at *2 (N.D. Cal. July 25, 2025) (stating that "discovery is now open" after parties held Rule 26(f) conference). No further leave of Court is required to commence discovery, a point federal government defendants have conceded in other litigation in this district. Def.' Resp. Br. at 5, *Newsom v. Trump*, No. 25-CV-04870-CRB (N.D. Cal. June 25, 2025), ECF No. 99 (arguing only that leave to conduct expedited discovery is required before the parties conduct the Rule 26(f) conference).

Defendants contend that discovery is not appropriate because this case must be resolved through DOE and OMB's respective Administrative Records (AR). But the Complaint alleges non-APA claims, including constitutional claims, *see* ECF 1 ¶¶ 209–17; 237–50, which makes discovery appropriate at least as to those claims. "[I]f plaintiffs have a constitutional claim that exists outside of the APA, then the APA's administrative record requirement does not govern the availability of discovery." *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 895 (N.D. Cal. 2020). This Court has already concluded that "the administrative record requirement does not govern the availability of discovery" for separation-of-powers and First and Fifth Amendment claims akin to those in the Complaint, including when those claims are accompanied by APA claims. Sch. Ord., *Thakur*, No. 25-CV-04737-RFL, at *5 (N.D. Cal. Jan. 30, 2026), ECF

4

No. 183. Indeed, contrary to Defendants' argument that Plaintiffs' separation-of-powers claim should be resolved via the ARs because they do not "meaningfully diverge," the Ninth Circuit has concluded that constitutional claims and APA contrary-to-law claims based on the Constitution are separate claims that are "not mutually exclusive." *Sierra Club v. Trump*, 929 F.3d 670, 694 (9th Cir. 2019) (citing *Dalton v. Specter*, 511 U.S. 462, 472–73 (1994)). At the same time, Defendants mischaracterize Plaintiffs' APA arbitrary-and-capricious claim as limited to "challeng[ing] the [award] terminations"—even though the claim specifically encompasses "the adoption of the DOE Memo," Defendants' award-review policy, and their effort to fully or partially eliminate entire *programs* created and funded by statute. *See* ECF 1 ¶¶ 223–36.

Plaintiffs plan to take written discovery and conduct depositions of Defendant Agencies' officials. Subjects of discovery will include the policy for reviewing and selecting awards for termination at DOE; the policies or directives animating DOE's award-review policy, including from defendant OMB; the way in which the policy or overarching priority was communicated to DOE and by whom; the way in which the award-review policy was implemented at DOE; and other related matters. This Court ordered discovery on essentially identical topics in *Thakur*, concluding that "the burden of production is minimal and . . . the requested documents can feasibly be produced in less than a week." Disc. Ord., *Thakur*, No. 25-CV-04737-RFL, at *5 (N.D. Cal. June 12, 2025), ECF No. 32. The Court added that the federal *Thakur* defendants had not "submitted any basis to be concerned that the requested materials would impinge on executive privilege or deliberative process privilege." *Id.*

Fact investigation should not be delayed while Defendants assemble the ARs. Defendants' position that this case should proceed solely based on the ARs is not only wrong as a matter of law but would render the fact-finding process infeasible and inefficient. Production of the ARs may be slow. Under Rule 16-5, the ARs are not due until May 27, and Defendants have indicated they may need more time. If discovery is deferred until the ARs are produced, this case may be in stasis for weeks or even months. And even when the ARs *are* produced, there is a significant risk that they will be inadequate—at least if federal agencies' recent productions are any indication. *See*, *e.g.*, Joint Case Mgmt. Stmt., *Thakur*, No. 25-CV-04737-RFL, ECF No. 58, at 3 (June 30,

5

2025); *Am. Hosp. Ass'n v. Kennedy*, 164 F.4th 28, 33 (1st Cir. 2026) (federal agency submitted "threadbare" preview of administrative record). Moreover, permitting discovery may allow plaintiffs in this case and in *Thakur* to coordinate the timing and substance of their discovery demands.

Nor should discovery be delayed pending the outcome of any motion to dismiss or transfer, even if the case is stayed pursuant to such a motion. Defendants represent that they intend to argue that this Court's jurisdiction is precluded by the Tucker Act. At the very least, therefore, discovery should be permitted to uncover relevant jurisdictional facts necessary to resolve Defendants' argument, including whether and how Defendants created and pursued unlawful internal policies related to the termination of Plaintiffs' awards. *See NIH v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2661 (2025) (Barrett, J., concurring.)

Lastly, Defendants contend that discovery may be obviated by the possibility of unspecified factual stipulations. Defendants have not offered any factual stipulations to Plaintiffs and it is not clear whether or how such stipulations would render discovery unnecessary. Plaintiffs are aware that Defendants have entered into factual stipulations in one related case, *see City of Saint Paul v. Wright*, No. 25-CV-03899 (APM), 2026 WL 88193, at *1 (D.D.C. Jan. 12, 2026), but that stipulation centered on the reason for DOE's *termination* of awards; it did not pertain to the policy that preceded and animated those terminations, which is at the core of Plaintiffs' claims.

**Defendants' Statement:** As an initial matter, given the early stage of proceedings, and given that Defendants have neither responded to the Complaint nor filed the Administrative Record, Defendants respectfully submit that the parties' dispute over whether discovery is appropriate is premature.  Once an Administrative Record has been filed, adjudication of whether the constitutional claims warrant discovery and whether any exception to the record review rule applies will be much more concrete.  Accordingly, Defendants respectfully submit that the most expeditious manner of resolving the parties' dispute over whether discovery is appropriate would be for the parties to submit an updated Joint Case Management Statement after the Administrative Record has been filed.  Doing so would not unduly delay the resolution of the case, as the Administrative Record may obviate, or at a minimum, limit the need for discovery.  If, after

6

reviewing the Administrative Record, Plaintiffs continue to seek discovery, the discovery sought would likely be more targeted and efficient with the benefit of the Administrative Record.

In any event, discovery is not appropriate in this case, as Plaintiffs' claims should be resolved on the Administrative Record. "In general, a court reviewing agency action under the APA must limit its review to the administrative record." *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973). The mere presence of constitutional claims does not automatically warrant the grant of discovery in record review cases. Indeed, the APA specifically provides for review of constitutional claims challenging agency action. 5 U.S.C. § 706(2)(B) (authorizing courts to review and set aside agency action "contrary to constitutional right, power, privilege, or immunity"). Creative pleading should not effect an end-run around the limits Congress placed on such claims. *See Harvard Pilgrim Health Care v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004). ("The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on . . . constitutional deficiencies was entitled to broad-ranging discovery.").

Further, discovery would be unnecessary because Plaintiffs' APA and constitutional claims do not meaningfully diverge. All claims focus on the same events: the promulgation of the May 2025 DOE Memo, the process for reviewing DOE grants, and the terminations of grants in October. Both Count I, a constitutional claim, and Count II, an APA claim, allege that Defendants unlawfully usurped Congress' spending authority. *Compare* ¶¶ 215–17 *with* ¶¶ 221–22. This boils down to a claim that Defendants acted contrary to law, which can and should be resolved on the administrative record. See 5 U.S.C. § 702; *see also Dalton v. Specter*, 511 U.S. 462, 472 (1994). And Count III, an APA claim, and Counts V and VI, constitutional claims, all challenge the terminations on the grounds that Defendants were improperly motivated by political considerations. *Compare* ¶¶ 234–35 *with* ¶¶ 246, 249–50. Those termination claims are not properly brought in this court.

To the extent that the Court concludes that additional factual information beyond the Administrative Record may be required to resolve Plaintiffs' constitutional claims, factual

7

stipulations may suffice in lieu of discovery. Defendants are open to negotiating stipulations and, to the extent that extra-record discovery is deemed required, would propose that the parties first engage in such a process before entering time-consuming and potentially unnecessary discovery practice.

With respect to the *ultra vires* claims, they similarly do not warrant discovery. Judicial review based on the administrative record remains the rule even if a plaintiff brings ultra vires constitutional claims. *See FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 469 (1984) (appellate court may "fairly [] evaluate" a claim of *ultra vires* agency action on direct review under the APA); *see also, e.g.*, *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018), *aff'd*, 7 F.4th 1201 (D.C. Cir. 2021); *Arnott v. U.S. Citizenship & Immigr. Servs.*, No. 10-cv-1423, 2012 WL 8609607, at *1 (C.D. Cal. Oct. 10, 2012); *Air Brake Sys., Inc. v. Mineta*, 202 F. Supp. 2d 705, 710 (E.D. Mich. 2002), *aff'd*, 357 F.3d 632 (6th Cir. 2004).

Plaintiffs' additional assertion that discovery is appropriate based on speculation that the Administrative Record will be inadequate is unwarranted and, at the very least, premature. Extra-record evidence is ordinarily prohibited in reviewing APA claims, unless: (1) "the materials are "necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,'" (2) "'the agency has relied on documents not in the record,'" (3) "'supplementing the record is necessary to explain technical terms or complex subject matter,'" or (4) "'when plaintiffs make a showing of agency bad faith.'" *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). Plaintiffs have not—and indeed cannot in the absence of the Administrative Record—make a showing that any of the foregoing exceptions apply.

In sum, Plaintiffs have failed to demonstrate that they are entitled to discovery in this case. However, in the interest of the most efficient resolution of these issues, Defendants respectfully request that the Court order the parties to submit their respective positions on discovery in a Joint Case Management Statement to be filed two weeks after the Administrative Record.

Lastly, Plaintiffs seemingly suggest that the Court's grant of limited discovery on class certification and the preliminary injunction motion in *Thakur* indicate that discovery will not be

8

burdensome and can be completed on an extremely short timeframe. *See generally* Disc. Ord., *Thakur*, No. 25-CV-04737-RFL (N.D. Cal. June 12, 2025), ECF No. 32. However, Plaintiffs have not indicated that their merits discovery in this case will be so limited. In the referenced Discovery Order in *Thakur*, the Court had only ordered the production of a limited set of non-privileged documents, *id.* at 2, whereas here Plaintiffs are seeking depositions in addition to other written discovery beyond document production. Should Plaintiffs seek broad, wide-ranging discovery, and the Court conclude that they were entitled to such discovery, a significantly longer discovery period would be necessary.

### 9. Class and collective actions

Plaintiffs have not sought, and do not intend to seek, class or collective action certification.

### 10. Related cases

The parties are aware of one related case pending in this district:

- *Thakur v. Trump*, No. 25-CV-04737-RFL.

The parties are also aware of two related cases pending in the District of D.C.:

- *City of Saint Paul v. Wright*, No. 25-CV-03899-APM
- *American Institute of Chemical Engineers v. Wright*, No. 26-CV-01063-APM

Defendants contend that there is another related case pending in the Court of Federal Claims:

- *Sublime Systems, Inc. v. United States*, 1:26-cv-00458-EDK

### 11. Relief

Pursuant to their separation-of-powers claim, all of the Plaintiffs seek the following: a declaratory judgment pursuant to 28 U.S.C. § 2201 holding that the DOE Memo is unconstitutional; an injunction requiring DOE to cease any pending review pursuant to the DOE Memo; an injunction undoing the termination or abandonment of any of the awards at issue in this case; and an injunction barring any future action based upon the DOE Memo, including the review, termination, or abandonment of any award.

Pursuant to their APA claims, all of the Plaintiffs seek the following: an order pursuant to 5 U.S.C. § 706(2) holding unlawful and vacating the DOE Memo; and declaratory judgments

9

pursuant to 28 U.S.C. § 2201 holding that the DOE Memo is unlawful and that Defendants may not terminate or abandon awards based on the Administration's policy preferences or the State in which the awardee is located. Additionally, following vacatur of the DOE Memo under 5 U.S.C. § 706(2), and only if no injunctive relief is awarded pursuant to the separation-of-powers claim or the APA contrary-to-law claim that would result in the reinstatement of Plaintiffs' awards, Plaintiffs seek an order under 5 U.S.C. § 705 preserving the status of their awards as of February 18, 2026, and remanding DOE's termination or abandonment of those awards to DOE for reconsideration within a specified period in light of the vacatur of the DOE Memo.

Plaintiff GO-Biz seeks an injunction restoring the ARCHES award and a declaration that GO-Biz may maintain this action on behalf of ARCHES H2 LLC.

Finally, Plaintiffs seek reasonable fees, costs, and expenses, including attorneys' fees, and any and all additional relief this Court may deem proper.

**12. Settlement and ADR**

The parties do not believe that settlement is likely or that an alternative dispute resolution process would address the remaining issues in this case. Nevertheless, the parties will continue to confer throughout the case about these issues.

**13. Other references**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of issues**

Defendants submit that their forthcoming motion to dismiss and transfer will resolve or narrow the issues in the case. The parties will continue to confer throughout the case on ways to narrow outstanding issues, including the possibility of factual stipulations if necessary.

**15. Scheduling**

**Plaintiffs' Statement:** Plaintiffs respectfully request that the Court set the following schedule. As Plaintiffs explain above, discovery should not be stayed pending any motion to dismiss or transfer that Defendants may file, as least as it relates to Defendants' jurisdictional arguments.

10

1.  Defendants' Answer shall be filed and served by April 27, 2026, per Federal Rule of Civil Procedure 12(a)(2).

2.  Administrative Record Production shall be completed by May 27, 2026, per Local Civil Rule 16-5.

3.  Discovery shall be completed by July 7, 2026.

4.  Plaintiffs' Motion for Summary Judgment due by August 4, 2026.  All subsequent briefing dates to be set pursuant to the Northern District of California Civil Local Rules or by order on a stipulation between the parties.

**Defendants' Statement:** Defendants intend to file a motion to dismiss and to transfer by April 27, 2026.  Pursuant to 28 U.S.C. § 1292(d)(4)(B), the case would be stayed pending the resolution of the transfer motion, plus 60 days, and accordingly would significantly alter the schedule.  In that case, Defendants would propose that the parties file a Joint Status Report two weeks after the stay has been lifted regarding further proceedings.

Should Defendants not move to transfer, pursuant to Local Rule 16-5 and your honor's Standing Order for Civil Cases, Defendants respectfully request that the Court enter the following schedule:

1.  Defendants' response to the Complaint and the Administrative Record shall be due by **May 27, 2026**, per Local Civil Rule 16-5.

2.  Plaintiffs' Motion for Summary Judgment due by **June 24, 2026**.

3.  Defendants' combined brief in support of any Cross-Motion for Summary Judgment and in opposition to Plaintiffs' Motion for Summary Judgment due by **July 22, 2026**.

4.  Plaintiffs' combined reply brief in support of their Motion for Summary Judgment and opposition to Defendants' Cross-Motion for Summary Judgment due by **August 5, 2026**.

5.  Defendants' reply in support of their Cross-Motion for Summary Judgment due by **August 19, 2026**.

6.  A hearing on the Cross-Motions for Summary Judgment is set for September 22, 2026 at 10:00 a.m.

11

Lastly, should Defendants not move to transfer, and should the Court defer ruling on whether discovery is appropriate, Defendants would propose the following schedule as an alternative:

1.  Defendants' response to the Complaint and the Administrative Record shall be due by **May 27, 2026**, per Local Civil Rule 16-5.

2.  Joint Case Management Statement due by **June 10, 2026,** outlining the parties' respective positions on discovery and proposing further proceedings.

## 16. Trial

The parties agree that this case should be resolved on summary judgment. However, the parties agree that, should a trial be necessary, the Court should hold a bench trial.

## 17. Disclosure of Non-Party Interested Entities or Persons

The parties agree that neither is subject to the requirements of Civil Local Rule 3-15.

## 18. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:  April 15, 2026

Respectfully submitted,

**ROB BONTA**
Attorney General of California

TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
KRISTI HUGHES
HARALD H. KIRN
ZELDA VASSAR

*/s/ Christopher J. Kissel*
CHRISTOPHER J. KISSEL
Deputy Attorneys General

*Attorneys for State of California and California Governor's Office of Business and Economic Development*

12

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Sarah H. Weiss*
SARAH A. KRAKOFF, CBA #27366*
Deputy Solicitor General
CARRIE NOTEBOOM, CBA #52910**
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914**
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
sarah.krakoff@coag.gov
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati**
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Attorneys for State of Connecticut*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Kaia Boonzaier*
KAIA BOONZAIER, CA SBN # 348123
CAITLIN M. SODEN, WSBA # 55457**
LEAH A. BROWN, WSBA # 45803**
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
kaia.boonzaier@atg.wa.gov
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for State of Washington*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
Paul Berks**
Joanna Brinkman*
Complex Litigation Counsel
Sherief Gaber**
Jason E. James*
Assistant Attorneys General
Office of the Illinois Attorney General
115 S. Lasalle St.
Chicago, IL 60603
(773) 919-2923
Paul.Berks@ilag.gov

*Attorneys for State of Illinois*

13

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein**
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Attorneys for State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth of
Massachusetts

By: */s/ Vanessa A. Arslanian*
Vanessa A. Arslanian**
*State Trial Counsel*
Julia Jonas-Day*
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for Commonwealth of
Massachusetts*

**JENNIFER L. DAVENPORT**
Acting Attorney General of New Jersey

By: */s/ Jessica Palmer*
Jessica L. Palmer*
  *Assistant Attorney General*
Yael Fisher**
Elizabeth Van Winkle*
  *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-2984
Jessica.Palmer@law.njoag.gov

*Attorneys for State of New Jersey*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON**
*Assistant Attorney General*
MICHAEL J. MYERS*
*Senior Counsel*
KELSEA SUAREZ**
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8481
matthew.eisenson@ag.ny.gov
michael.myers@ag.ny.gov
kelsea.suarez@ag.ny.gov

*Attorneys for State of New York*

14

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL**
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for State of Oregon*


**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose**
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 878-3171
jonathan.rose@vermont.gov

*Attorney for State of Vermont*


**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Eshan Dabak*
Eshan Dabak (R.I. Bar No. 11103)**
   Special Assistant Attorney General
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2041
edabak@riag.ri.gov

*Attorneys for State of Rhode Island*


**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb, Wisconsin State Bar No. 1104662**
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for State of Wisconsin*

15

                                          **BRETT A. SHUMATE**
                                          Assistant Attorney General
                                          Civil Division

                                          **ERIC J. HAMILTON**
                                          Deputy Assistant Attorney General

                                          **JOSEPH E. BORSON**
                                          Assistant Branch Director

                                          /s/ *Elizabeth B. Layendecker*

                                          **ELIZABETH B. LAYENDECKER (Cal
                                          Bar No. 357429)**
                                          Trial Attorney, U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          1100 L Street, N.W.
                                          Washington, D.C. 20005
                                          Tel.: (202) 616-5046
                                          Elizabeth.b.layendecker@udsoj.gov

                                          *Attorneys for Defendants*

*Pro hac vice application forthcoming
**Admitted pro hac vice

Joint Case Management Statement—No. 3:26-cv-01410-RFL

## DECLARATION OF SERVICE VIA ECF

**Case Name:**     State of California, et al. v. Christopher Wright, et al.
**Case Number:**     3:26-cv-01417-RFL

**Declaration of Electronic Service**

1. I am at least 18 years of age and not a party to this matter.

2. I am employed in the Office of the Attorney General of the State of California.  My business address is 300 South Spring Street, Suite 1702, Los Angeles, CA, 90013-1230, County of Los Angeles.

3. My electronic service address is Christopher.Kissel@doj.ca.gov.

4. On <u>April 15, 2026</u>, the following document was served via ECF:

    **JOINT CASE MANAGEMENT STATEMENT**

5. The aforementioned document was served via ECF on the following person:


**Elizabeth B. Layendecker**
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Elizabeth.b.layendecker@udsoj.gov


I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on <u>April 15, 2026</u>.

| Christopher J. Kissel | Signature |
|---|---|
| Declarant | |