UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Rita F. Lin, District Judge

| | |
|---|---|
| STATE OF CALIFORNIA, et al., Plaintiffs, v. WRIGHT, et al., Defendants. | No. C 26-01417-RFL |

San Francisco, California
Wednesday, April 22, 2026

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 10:02 - 10:20 = 18 MINUTES

APPEARANCES:

For Plaintiffs:

California Department of Justice
Office of the Attorney General
300 South Spring Street
Suite 1702
Los Angeles, California 90013
BY: CHRISTOPHER KISSEL, ESQ.
BY: TODD GRABARSKY, ESQ.

For Defendants:

United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street, Northwest
Washington, DC 20005
BY: ELIZABETH B. LAYENDECKER, ESQ.

Transcribed by: Echo Reporting, Inc.
Contracted Court Reporter/
Transcriber
echoreporting@yahoo.com

Wednesday, April 22, 2026 10:02 a.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK: This court is now in session. The Honorable Rita F. Lin is presiding.

Calling Civil Action 26-1417, State of California, et al., versus Wright, et al.

Counsel, please state your appearances for the record, beginning with counsel for Plaintiffs.

MR. KISSEL: Good morning, your Honor. My name is Chris Kissel, on behalf of all the Plaintiffs. I represent Plaintiff State of California and the California Governor's Office of Business and Economic Development.

MR. GRABARSKY: Good morning, your Honor. Supervising Deputy Attorney General Todd Grabarsky, also on behalf of the State of California.

MS. LAYENDECKER: Good morning, your Honor. This is Elizabeth Layendecker on behalf of Defendants.

THE COURT: All right. Good morning to all of you. Thanks for the case management statement.

I just want to make sure that I'm clear on Mr. Kissel's roles. So I understood, Mr. Kissel, maybe Mr. Grabarsky, also, that you all represent the State of California, and you're attorney of record for the state in this litigation, but today counsel for all the other Plaintiffs have

authorized you to appear on behalf of their clients, too.

Am I understanding that right?

MR. KISSEL: Yes, your Honor, that's correct.

THE COURT: Great. So I took a look at the case management statement. I'll give you my initial thoughts, and then I can give each of you an opportunity to let me know anything else you want me to before I finalize our plan for the case.

The first question that your case management statement presents is whether I should allow discovery to be opened. In general, I do think that discovery beyond the administrative record is clearly available under governing Ninth Circuit case law for the constitutional claims in this case. I recognize that there is some overlap in the factual bases for the APA claims and the constitutional claims, but, at the same time, it is clear that, under the governing case law, as I said, that the Plaintiffs have an entitlement to discovery on the constitutional claims that extends beyond the APA, and I don't see a basis for precluding that.

It is true that, in many case, I will wait to start discovery until the pleadings are settled. In this instance, though, as I understand it, Defendant would be seeking to transfer claims relating to grant terminations under the APA to the Court of Federal Claims, or to move to dismiss those claims without prejudice to them being refiled

in that court.

That still leaves the constitutional claims, and claims based on the policy that's set forth in the Department of Education memo -- sorry, Department of Energy memo. So I have a real doubt as to whether those are appropriate to dismiss without prejudice to refiling or to transfer to the Court of Federal Claims because, as I understand it, they can't be tried in the Court of Federal Claims. But, even if it is true that those claims need to be brought in the Court of Federal Claims, the discovery that's being sought is still necessary for those claims, and so would the administrative record.

So it does not seem to make sense to me to hold up the administrative record or the discovery to wait to see the outcome of Defendants' motion to move some or all of the claims to the Court of Federal Claims. So it seems to me that the appropriate approach would be to open discovery, and to set a schedule for production of the administrative record while Defendant puts together its motion to dismiss or to transfer.

I recognize that it is possible that, and I am hopeful that, factual stipulations could narrow the scope of discovery. Obviously, you all would need to meet and confer on that, and figure out whether that makes sense in this case, and then, once you've agreed on the factual

stipulations, if you can't agree as to whether discovery remains appropriate despite those factual stipulations, you all could always approach the Court again for a ruling on that issue, though it does seem to me that if you have factual stipulations that obviate the need for discovery on a certain topic, I don't see why I'd be ordering it, but it's hard to talk about that without understanding the participants. So I think you all need to figure out what that would look like, and I'm here to assist with determination of that issue, if you need.

So my plan had been to set the response deadline for Defendants to respond to the complaint by April 27th, as you all had proposed, and then to set the administrative record production deadline for May 27th, as you proposed. Plaintiff had proposed that fact discovery close -- or discovery, period, close by July 7th, 2026. I didn't see a competing proposal from Defendants, or a reason why a longer fact discovery period would be necessary in this case.

I'm open to hearing if there's something I should know, but it seems like July 7th is an appropriate target for the close of fact discovery, and then I could put Plaintiffs' motion for summary judgment deadline on August 4th, which is a month out from that. Defendants' cross-motion and opposition I was thinking of putting on September 1st, which would give you about a month to get that ready.

The reply in support of Plaintiffs' motion and Plaintiffs' opposition to Defendants' cross-motion would be due September 15, and then Defendants' reply in support of their own cross-motion would be due September 29. I was thinking of having the hearing October 20th at 10:00 a.m. I might have a criminal trial going on then, so, if that happens, I might need to move you to the afternoon, but I think I could still keep the date on.

So that's my proposal to the parties. I'm open to hearing if you think there's anything else I should consider in setting the case schedule and in opening discovery and moving the case forward.

Let me start with the Government, and then I could hear from Plaintiffs.

MS. LAYENDECKER: Yes, your Honor. Thank you. I guess my initial response is that I just want to flag the statute. 1292 would automatically stay proceedings upon the motion, the filing of the motion to transfer. So, kind of regardless of what other proceedings are set, they would be stayed upon the filing of that motion, so I just wanted to flag that initial piece for planning purposes. Should the Government not file such motion, I think that July 7th would be an aggressive deadline for discovery completion.

THE COURT: Wait. Let me just ask you about the transfer motion. Was it your intent to transfer all of the

claims, if you move to transfer, or are you seeking to transfer some of the claims to the Court of Federal Claims? What is the plan for that? I'm particularly curious as to the constitutional claims.

MS. LAYENDECKER: So the Government does intend to move to transfer both constitutional and APA claims, but, in recognition of Justice Barrett's concurrence, which we view as being controlling, there are elements of the claims which cannot be transferred to the Court of Federal Claims. So, in that way, we are not transferring all of -- or moving to transfer the entire case.

THE COURT: But you would move to transfer some of the case, but not all of the case, some of the constitutional claims, but not all of the constitutional claims?

MS. LAYENDECKER: Generally, yes.

THE COURT: Okay. So, if some of the case is still going to be here, and, in your view, some of the claims Court of Federal Claims, is it your view that we could continue with the litigation, certainly as to those claims that have not been transferred to the Court of Federal Claims, or that you have not sought transfer to the Court of Federal Claims on?

MS. LAYENDECKER: Sure. So we anticipate filing a combined motion to dismiss and to transfer. So what remains

we would be moving to dismiss, and we think the most efficient way of resolving those issues would be for the Court to rule on them together as, you know, the motion to dismiss and motion to transfer, and just -- the statute does impose an automatic stay that extends to 60 days after the Court rules on the motion to transfer.

THE COURT: An automatic stay as to the claims that are being -- as to the claims that you are seeking to transfer, right? Or is it your view that it's an automatic stay as to the entire case? Even though you're not moving to transfer the whole case, you can transfer one claim, and then all 17 claims of a case would then need to be put on hold? I'm not -- I'm curious what the Government's view of that is.

MS. LAYENDECKER: Our view is that it -- the language of the statute indicates that it does stay the entire action.

THE COURT: Okay. I understand your view, and, if that's right, then it would stay the entire action, regardless of what schedule we set now. So it's a little academic until we see what motion you have.

MS. LAYENDECKER: Yes. Understood, your Honor. And just to kind of address that piece of it, I think one reason why it would be more -- it might be more streamlined to proceed after the Court has ruled on that motion is the

case might take a different shape, depending on how the Court resolves the motion, and whether Plaintiffs amend the court order in light of the motion. So there's a lot of different things that may be up in the air, and, depending on what shape the case ultimately takes, that would dictate how we should proceed.

THE COURT: Thank you.

Let me give Plaintiffs an opportunity to respond.

MR. KISSEL: Thank you, your Honor. Just two points.

First, we would agree with your Honor's conclusion that, to the extent that the constitutional claims are not subject to transfer, I don't know that there is any authority that says that they would be. Not that we think any of these claims are subject to transfer, but, at the very least, the constitutional claims would be unaffected by the transfer, and so the stay, the tentative stay, would, you know, least affect discovery and proceedings on the constitutional claims. So we would agree with that conclusion.

To the point about whether -- the question about the effect of the stay on the case schedule, and the effect of the ruling on the case schedule with regards to the rest of the issues, I mean, we're perfectly comfortable setting the deadlines -- with your Honor setting the deadlines that you

said at the start of this hearing, and, to the extent that other deadlines are required, based on how the case unfolds, I think we can cross the bridge when we come to it, but, assuming that we're able to move forward on the constitutional claims, which are really the core of our complaint, it those dates are appropriate.

THE COURT: Thank you all for the additional input. I'm going to set this case schedule that I previously stated. I am going to open discovery. If Defendants end up moving to transfer, as you anticipate you might on some of the claims, I'm also going to set a deadline that you also provide a brief of no more than five pages telling me what you think the effect of the motion is on terms of the case schedule I've set, in terms of whether there's an automatic stay of the discovery.

Just give me your position, and your authority for that position, and then I can take an opposing brief from the Plaintiffs on the same schedule as your opposing brief for the motion to transfer or dismiss. So, whenever your opposition would be due under the local rules, then you should at the same time file a brief of no more than five pages to respond.

I don't know if you all have agreed on a different briefing schedule than that set. Have you all agreed on a different schedule than what's set by the local rules?

MS. LAYENDECKER: No, your Honor.

THE COURT: I see head shakes. Then that would be 14 days after the filing of Defendants' response, so, April 27th, your five-page brief on why this does not stay some or all of the claims would be due on May 11th, and then I can enter a ruling that will either confirm the case schedule is in place, or modify it, or we could set another case management conference to discuss what we need to do, if necessary.

I do have one other question for you all, which is, there is a related case, the Thakur v. Trump case, that has a lot of overlapping claims with respect to the Department of Energy. Obviously, that case has different Plaintiffs, and they are in the process of developing an administrative record that I think will be quite overlapping as to the Department of Energy claims, I imagine.

Also, they are in the process of doing discovery in that case as well, and I imagine, as to the Department of Energy, that discovery could be overlapping with the discovery in this case. I think it would make sense to coordinate discovery, or to see if the parties in the cases would agree to allow discovery in each case to be used in the other case, just to make things more efficient. I think that would be more efficient for everybody, the parties in all of the cases.

I also wonder whether it makes sense to defer briefing and hearing on the core claims against the Department of Energy to be heard at the same time as this case. Currently I have those on to be heard September 1st, in the core case, but it seems to me that it would likely make sense to hear it all at once, both for your case and their case, and it seems like it might be in both the Government's interest and the Plaintiffs' in both cases interest to have it all heard at the same time.

So what I would like to propose you all do is that you meet and confer with the attorneys from the core case, and come up with a proposal for the Court in terms of hearing all of the claims together, and ensuring efficient coordination of discovery and the administrative record in the other case. I'm open to hearing from you ideas for how to deal with that, and I think it might make sense to give you some time to work that out after we have the Government's transfer motion and your response, from the Plaintiffs, on how that affects the case schedule in our case.

So I'm going to give you a little more time than I normally would, but I was thinking that I could give you until May 22nd to make that proposal to the Court. What do you all think about that plan? Let me start with Plaintiffs, and then I can hear from the Government.

MR. KISSEL: No objection to that plan, your Honor.

THE COURT: And anything the Government would like the Court to think about with respect to that?

MS. LAYENDECKER: No, your Honor. That sounds good to us.

THE COURT: Okay. Great. So I'll set May 22nd for the date for you to give me the proposal. If you all can't agree on a proposal -- I'm hopeful that you would be able to, but, in the event that you couldn't, everyone should submit the competing proposals by that date. I'll put out a text order in the core case so that they know that they need to do that as well.

Anything else I could help the parties with this morning? Start with Plaintiffs.

MR. KISSEL: Nothing from Plaintiffs, your Honor.

THE COURT: And from Defendants?

MS. LAYENDECKER: Just to clarify, your Honor, the parties would jointly submit a proposal in this case, and then jointly submit a proposal in Thakur?

THE COURT: Yes, please. Just submit the same proposal. If you could get all of the counsel to sign onto it, you could just submit the same document in both cases. I think that might be the easiest way to do it, since we're trying to coordinate both cases.

MS. LAYENDECKER: Sure. Makes sense. Thank you, your Honor.

THE COURT: Great. Thank you. Be well.

MR. KISSEL: Thank you, your Honor.

(Proceedings adjourned at 10:20 a.m.)

CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.



Echo Reporting, Inc., Transcriber

Friday, April 24, 2026