BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
ELIZABETH B. LAYENDECKER (Cal Bar No. 357429)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Email: Elizabeth.B.Layendecker@usdoj.gov

*Attorneys for United States*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.,* | Case No. 3:26-cv-1417-RFL |
| Plaintiffs, | **FEDERAL DEFENDANTS' BRIEF REGARDING SECTION 1292** |
| v. | |
| CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.,* | Judge: Hon. Rita F. Lin |
| Defendants. | |

FED. DEFS' BRIEF REGARDING SECTION 1292
CASE NO. 26-CV-1417

Pursuant to the Court's April 22, 2026 Minute Order, Defendants respectfully submit the following regarding the application of the automatic stay in 28 U.S.C. § 1292 to this case in light of Defendants' transfer motion. *See* ECF No. 66. As explained in Defendants' motion, Congress carefully created a statutory scheme to ensure that claims against the United States are heard in the appropriate fora and, in doing so, Congress created a court with nationwide and exclusive jurisdiction to resolve monetary claims against the United States. This policy is effectuated by 28 U.S.C. § 1631, which allows the government to transfer an action to the Court of Federal Claims, in part or in whole, and by 28 U.S.C. § 1292(d)(4)(B), which provides that cases are automatically stayed upon the government's filing of that motion pursuant to section 1631. Accordingly, because the government has now filed such a motion, the matter is automatically stayed for 60 days after the resolution of the motion, and any appeals.

The stay is automatically applied, as dictated by the statute. "Upon the filing of defendants' motion to transfer the case . . . , a statutory stay [goes] into effect." *Consol. Edison Co. of N.Y. v. United States*, 54 F. Supp. 2d 364, 365 (S.D.N.Y. 1999). It is "intended to stay proceedings on the merits of a case" pending final resolution of the proper forum. *Friant Water Auth. v. Jewell*, No. 1:14-CV-000765-LJO–BAM, 2014 WL 5325352, at *2 (E.D. Cal. Oct. 17, 2014).

The plain language of the statute confirms the application of the automatic stay to this case, where Defendants have moved to partially transfer the case. Section 1292(d)(4)(B) provides that "when a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion." 28 U.S.C. § 1292(d)(4)(B). The phrase "motion to transfer an action" refers to a motion under section 1631, which is referenced in the prior paragraph: "[t]he United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order . . . granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under section 1631 of this title." 28 U.S.C. § 1292(d)(4)(A). And the Federal Circuit has recognized that motions made pursuant to 1631 can transfer actions in part or in whole. *United States v. Cnty. of Cook, Ill.*, 170 F.3d 1084, 1089 (Fed. Cir. 1999) ("We therefore read § 1292(d)(4)(A) as reflective of

FED. DEFS' BRIEF REGARDING SECTION 1292
CASE NO. 26-CV-1417

Congress's intention in section 1631 to permit the transfer of less than all of the claims in an action."). Defendants have filed such a motion under section 1631, moving to transfer five out of six of Plaintiffs' claims, in whole or in part. *Id.*; *see* Defs.' Transfer Mot. at 4–11. Accordingly, Defendants have moved to transfer an action pursuant to section 1631, thereby automatically staying further proceedings in district court.

Legislative history further confirms this interpretation of the statute, *i.e.*, that the entire action is stayed. Congress intended to prevent litigation of the merits, including merits discovery, in the improper forum. In explaining the inclusion of the automatic stay provision, the House Judiciary Committee wrote, "Department lawyers have spent (and continue to spend) hundreds of frustrating and unproductive hours litigating basic questions of whether a district court properly has trial jurisdiction over what appears to be a Tucker Act claim for more than $10,000, for which the Claims Court has exclusive jurisdiction.." H.R. REP. 100-889 at 52, *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6012–13. To solve this problem, Congress altered the appellate structure, allowing for immediate interlocutory appeal to the Federal Circuit of motions to transfer to the Court of Federal Claims. *Id.* at 6013. And so Congress imposed an automatic stay on district court proceedings until threshold jurisdictional issues could be resolved. *Id.* ("To further assure that trial proceedings on the merits do not go forward until the jurisdictional question is resolved, section [1292(d)(4)] also provides that proceedings in the district court shall be stayed until sixty days after the district court has ruled upon the motion to transfer.").

As courts have recognized, this automatic stay bars further proceedings, including merits discovery. *Friant Water Auth. v. Jewell*, No. 1:14-CV-000765-LJO, 2014 WL 5325352, at *2 (E.D. Cal. Oct. 17, 2014) (explaining that the legislative history of section 1292(d)(4)(A) showed that it "was intended to stay proceedings on the merits of a case"); *State of Illinois, et al., Plaintiffs, v. Russell Vought, et al.*, No. 26-cv-1566, 2026 WL 962382, at *1 (N.D. Ill. Feb. 25, 2026) (explaining that "ordinary discovery related to the merits does not fall within the injunctive-relief exception to the stay, if injunctive relief is merely a longer-term possibility in the litigation"). Allowing cases to proceed to the merits would wholly undermine the purpose of the automatic stay: to avoid burdensome litigation in a court lacking jurisdiction. *Cf. Coinbase v. Bielski*, 599 U.S.C 736, 743–44 (2023) (explaining that the

FED. DEFS' BRIEF REGARDING SECTION 1292
CASE NO. 26-CV-1417

automatic stay of motion to compel arbitration was "common sense" because "[i]f the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along.")

To be sure, Congress did provide one inapplicable exception to the automatic stay: "[t]he stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary." 28 U.S.C. § 1292(d)(4)(B). That is the *only* exception provided for. As Congress explained, this lone exception was created to ensure that litigants could obtain preliminary relief to protect "important rights or even the primary objective of the litigation." H.R. REP. 100-889, 53, 1988 U.S.C.C.A.N. 5982, 6013; *see, e.g.*, *State of Illinois*, No. 26-cv-1566, 2026 WL 962382 at *1. But the inclusion of this one, limited exception further confirms Congress' intent for the stay to operate automatically in all but the specific exigent circumstances expressly provided for in the statute. Pursuant to the "*expressio unius est exclusio alterius*" canon of statutory interpretation, the Court should not read in additional exceptions absent from the text, when Congress has already selected the single set of circumstances that may avoid the automatic stay. *Cf. United States v. Hernandez-Ferrer*, 599 F.3d 63, 68 (1st Cir. 2010) (holding that where Congress had explicitly allowed for tolling in a particular set of circumstances, "there is a strong presumption that Congress did not intend to allow tolling in other circumstances."); *Russello v. United States*, 464 U.S. 16, 23 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

Pursuant to section 1292(d)(4)(B), this case is automatically stayed for 60 days after the Court's resolution of Defendants' motion and any interlocutory appeals. Among other things, "[d]iscovery is stayed until the statutory stay is lifted," *In re Utils. Uranium Decontamination & Decommissioning Fund Litig.*, No. 00-cv-1424 DLC, 2001 WL 286768, at *5 (S.D.N.Y. Mar. 26, 2001), as "Congress did not contemplate allowing discovery to proceed during a stay under § 1292(d)(4)(B)," *Consol. Edison*

FED. DEFS' BRIEF REGARDING SECTION 1292
CASE NO. 26-CV-1417

*Co. of New York v. United States*, 54 F. Supp. 2d 364, 366 (S.D.N.Y. 1999).  Accordingly, further proceedings, including discovery, are stayed pursuant to the statute.

Even if the Court concludes that the claim not included in Defendants' motion to transfer, Count IV, the ultra vires claim, can proceed under the statute, the Court has not ordered discovery on that claim. 4/22 Tr. at 4:17–19 ("[T]he Plaintiffs have an entitlement to discovery on the constitutional claims that extends beyond the APA.").  And where Defendants have moved to transfer certain claims in part, those claims are subject to the automatic stay.  Although the Court had suggested that such claims could still proceed in district court, that would not be appropriate.  The Court's suggestion that merits proceedings should move forward "even if it is true that those claims need to be brought in the Court of Federal Claims," is directly contrary to the statute and Congress' intent.  *See* 4/22 Tr. at 5:9–12; *see Coinbase*, 599 U.S. at 744 (explaining that proceeding to the merits undermines automatic stays by nullifying their purpose); *Consol. Edison Co.*, 54 F. Suppl. at 367 ("The statute was enacted to permit a party who loses a transfer motion in these circumstances to receive a final determination on the jurisdictional question before resources are wasted by litigating the merits in the wrong forum."  As explained above, Congress specifically intended for the automatic stay provision to protect the government from merits proceedings in district court when the government had asserted that it was the improper forum for those claims.

DATED: April 27, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

FED. DEFS' BRIEF REGARDING SECTION 1292
CASE NO. 26-CV-1417

/s/ Elizabeth B. Layendecker

ELIZABETH B. LAYENDECKER
(Cal Bar No. 357429)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Email: Elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*

FED. DEFS' BRIEF REGARDING SECTION 1292
CASE NO. 26-CV-1417