BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
ELIZABETH B. LAYENDECKER (Cal Bar No. 357429)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Email: Elizabeth.B.Layendecker@usdoj.gov

*Attorneys for United States*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.,* | ) Case No. 3:26-cv-1417-RFL |
| | ) |
| Plaintiffs, | ) **DEFENDANTS' MOTION FOR** |
| | ) **ADMINISTRATIVE RELIEF STAYING OR** |
| v. | ) **EXTENDING TIME TO RESPOND TO** |
| | ) **WRITTEN DISCOVERY** |
| CHRISTOPHER WRIGHT, in his official | ) |
| capacity as Secretary of Energy, *et al.,* | ) Judge:  Hon. Rita F. Lin |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

DEFS' MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 26-CV-1417

Defendants have moved to dismiss this case and to transfer it in part to the Court of Federal Claims, ECF No. 68, and have also explained this case, including the obligation to respond to served discovery, is currently stayed pursuant to 28 U.S.C. § 1292, ECF No. 68-1. Defendants understand that Plaintiffs take the view that the automatic stay does not apply, or at a minimum, does not apply to written discovery requests already served, and where responses and objections are currently due on May 22, 2026. Pursuant to Local Rule 7-11, Defendants therefore request a stay of their obligation to respond to any discovery pending the Court's resolution of the scope of the section 1292 stay. Such a request is necessary so that Defendants need not prepare and produce discovery responses while their motion to confirm that discovery is stayed is being resolved (thus negating, in part, the purpose of the motion and the effect of section 1292).

In support of this motion, the Defendants submit the following points and authorities demonstrating good cause to grant the motion:

1. On April 22, 2026, Plaintiffs served on Defendants four sets of written discovery requests, including interrogatories directed to the Office of Management and Budget ("OMB") and the Department of Energy ("DOE"), respectively, as well as requests for production and requests for admission.

2. Under the Federal Rules of Civil Procedure, were this case not stayed, Defendants ordinarily would have thirty days, or until May 22, to respond to these written discovery requests. *See, e.g.*, Fed. R. Civ. P. 33(b)(2) (thirty days to respond to interrogatories); 34(b)(2)(A) (thirty days to respond to requests for production); 36(a)(3) (thirty days to respond to requests for admission or the matter is deemed admitted).

3. On the same day that discovery was served, this Court held an Initial Case Management Conference and set deadlines for future proceedings in this case. Minute Entry (Apr. 22, 2026), ECF No. 63.

4. As anticipated in the Joint Case Management Statement, ECF No. 61, and during the Initial Case Management Conference, Defendants shortly thereafter filed a Motion to Dismiss and to Transfer on April 27, 2026. ECF No. 68. Defendants' motion seeks transfer of five of the six claims to

DEFS' MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 26-CV-1417

the Court of Federal Claims, which exercises exclusive jurisdiction over such claims pursuant to the Tucker Act, and to dismiss any claims that are not transferred. *Id.* Pursuant to the Court's prior order, ECF No. 63, Defendants accompanied their motion with a brief indicating that 28 U.S.C. § 1292 has the effect of automatically staying the entire case, including discovery deadlines, while Defendants' motion to transfer to the Court of Federal Claims remains pending and for 60 days after the resolution of the motion and any appeals.

5.     Plaintiffs have until May 11, 2026, to respond to Defendants' transfer motion as well as the accompanying brief concerning the application of 28 U.S.C. § 1292. *See* Hearing Tr. (Apr. 22, 2026) at 12:2–9.

6.     Thus, in the absence of an immediate order from this Court staying Defendants' May 22 deadline to respond to Plaintiffs' written discovery requests, should that deadline be in effect notwithstanding section 1292, the Defendants would be unduly burdened with simultaneously responding to those requests while litigating the effect of their pending motion to transfer on such underlying case deadlines in district court—a motion that itself stays pending deadlines

7.     As explained in Defendants' brief, Congress imposed an automatic stay under 28 U.S.C. § 1292 to avoid such inefficiencies while a motion to transfer claims from district court to the Court of Federal Claims remains pending. *See* ECF No. 68-1 at 3. It would be unduly burdensome to require the Federal Defendants to expend simultaneous efforts responding to discovery while litigating whether discovery deadlines are automatically stayed by operation of law.

8.     Moreover, this Court observed during the recent Initial Case Management Conference that discovery in *Thakur v. Trump* "could be overlapping with the discovery in this case" and that "it would make sense to coordinate discovery . . . to make things more efficient." Hearing Transcript (Apr. 22, 2026) at 12:11–25. Indeed, in *Thakur*, the parties anticipate entering joint stipulations of fact that they believe will obviate the need for discovery in that case. *See* Joint Statement Regarding Discovery and Administrative Motion to Amend Schedule, *Thakur v. Trump*, 3:25-cv-04737-RFL (N.D. Cal. May 6, 2026).

9.     In the interests of justice, therefore, the Court should grant this request for administrative

DEFS' MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 26-CV-1417

relief and issue an immediate order clarifying that all case deadlines, including the obligation to respond to any pending discovery requests, are stayed at least pending the Court's decision concerning the scope of the stay pursuant to 28 U.S.C. § 1292.  Defendants request that, in the event the Court ultimately concludes that discovery is not stayed, that their obligation to respond to served discovery be extended until twenty-five days after the court's ruling (*i.e.*, the period of time remaining under the Federal Rules on the date the motion to transfer was filed).

10.    Alternatively, the Federal Defendants seek a thirty-day extension of their time to respond to Plaintiffs' written discovery requests in light of the time and resources devoted to litigating the transfer motion and its legal effect on this case.  For similar reasons to those stated above, it would be unduly burdensome to require the Federal Defendants to expend simultaneous efforts responding to discovery while litigating whether discovery deadlines are automatically stayed by operation of law.

11.    This is the first extension that Defendants are seeking with respect to Plaintiffs' discovery requests.  The Court has not stated that extensions of this kind will not be granted.  The other deadlines in this matter are as follows[1]:

    a.  Plaintiffs' Opposition to Motion to Dismiss and to Transfer due by May 11, 2026.

    b.  Defendants' Reply in support of Motion to Dismiss and to Transfer due by May 18, 2026.

    c.  Administrative Record due by May 27, 2026.

    d.  Joint statement regarding *Thakur* due by May 29, 2026.

    e.  Fact discovery due by July 7, 2026.

    f.  Plaintiffs' Motion for Summary Judgment due by August 4, 2026.

    g.  Defendants' Cross-Motion for Summary Judgment and Opposition due by September 1, 2026.

    h.  Plaintiffs' Reply in Support of Motion for Summary Judgment and Opposition due by September 15, 2026.

[1] Defendants maintain that deadlines for further proceedings, *i.e.*, those other than briefing on Defendants' Motion to Dismiss and to Transfer, are stayed pursuant to section 1292.

DEFS' MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 26-CV-1417

4

i.   Defendants' Reply in Support of Motion for Summary Judgment due by September 29, 2026.

Defendants are not proposing any extensions to these deadlines.

12.   Counsel for the parties conferred via email from April 28, 2026, through April 30, 2026, regarding Plaintiffs' request for Defendants to consent to an extension to respond to Defendants' transfer motion, although Plaintiffs ultimately did not seek that extension.  In the course of this discussion, Plaintiffs also indicated that they do not agree that the Federal Defendants' deadline to respond to the April 22 written discovery requests is stayed in light of Defendants' Motion to Dismiss and to Transfer. Defendants offered to agree Plaintiffs' proposed extended briefing schedule in exchange for Plaintiffs' agreement that any obligation to respond to the requests be deferred until after the Court had entered an order regarding the automatic stay provision in section 1292, which Plaintiffs declined.

13.   Undersigned counsel again conferred with counsel for the Plaintiffs on May 7, 2026, concerning the present motion for administrative relief.  Counsel for the Plaintiffs indicated that they oppose this motion.

14.   Pursuant to Local Rule 7-11(a), a declaration that explains why a stipulation could not be obtained is attached as Exhibit A.

*      *      *

For the foregoing reasons, the Federal Defendants respectfully request that this Court enter an immediate order clarifying that all case deadlines, including the May 22 written discovery response deadline, are stayed at least until the Court decides the Motion to Dismiss or Transfer, ECF No. 68, and the accompanying issue of the effect of 28 U.S.C. § 1292, ECF No. 68-1. In the alternative, Defendants request that the Court extend by thirty days the deadline to respond to written discovery the Plaintiffs served on April 22.  A proposed order is attached.

DEFS' MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 26-CV-1417

DATED: May 7, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Elizabeth B. Layendecker*

ELIZABETH B. LAYENDECKER
(Cal Bar No. 357429)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Email: Elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*

DEFS' MOTION FOR ADMINISTRATIVE RELIEF
CASE NO. 26-CV-1417