ROB BONTA
Attorney General of California
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
KRISTI HUGHES
HARALD H. KIRN
CHRISTOPHER J. KISSEL
RYAN EASON
Deputy Attorneys General
State Bar No. 342757
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6505
 E-mail:  Ryan.Eason@doj.ca.gov

*Attorneys for Plaintiffs State of California and
California Governor's Office of Business and Economic
Development*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF ILLINOIS; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN; CALIFORNIA GOVERNOR'S OFFICE OF BUSINESS AND ECONOMIC DEVELOPMENT**, derivatively on behalf of **ARCHES H2 LLC**; <br><br> Plaintiffs, <br><br> v. <br><br> **CHRISTOPHER WRIGHT**, in his official capacity as Secretary of Energy; **U.S. DEPARTMENT OF ENERGY; RUSSELL T. VOUGHT**, in his official capacity as | Case No. 3:26-CV-01417-RFL <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF RE STAY** <br><br> Date:        None set <br> Time:        None set <br> Courtroom:  Courtroom 15 - 18th Floor <br> Judge:       The Honorable Rita F. Lin <br> Trial Date:  None set <br> Action Filed: February 18, 2026 |

Director of the U.S. Office of Management and Budget; **U.S. OFFICE OF MANAGEMENT AND BUDGET,**

                          Defendants,

        – and –

**ARCHES H2 LLC**,

                    Nominal Defendant.

Defendants are wrong that their motion to transfer *some* of Plaintiffs' claims to the Court of Federal Claims ("CFC") imposes a stay of all proceedings before this Court under 28 U.S.C. § 1292. The statute stays proceedings only upon the filing of a motion to transfer "an action"—that is, all the claims in a case—which Defendants have not filed. Here, Defendants concede that transfer is not possible for at least some of the claims in the Complaint. For this reason alone, proceedings are not stayed.

But even if 28 U.S.C. § 1292 imposed a stay, it would apply only to the claims Defendants seek to transfer. Otherwise, the statute would unnecessarily freeze claims that have no chance of moving to the CFC, an absurd result that Congress could not have intended.

## I.    THERE IS NO STAY BECAUSE PLAINTIFFS DO NOT SEEK TO TRANSFER AN "ACTION" TO THE COURT OF FEDERAL CLAIMS

Defendants do not seek to transfer this "action" to the CFC. Instead, they seek to transfer only some of Plaintiffs' claims to the CFC, acknowledging that the remainder are not subject to transfer. *See* Motion ("Mot.") (ECF 68) p. 1. Though it is not clear exactly which claims Defendants request the Court to transfer, they concede that Counts I, II, III, V, and VI, "to the extent they challenge the DOE Memo," are not subject to transfer, Mot. p. 8, and that Count IV, Plaintiffs' *ultra vires* count, is not subject to transfer at all, *see* Defendants' Supplemental Brief ("Supp. Br.") p. 5 (describing Count IV as "the claim not included in Defendants' motion to transfer"). Because they concede that some claims cannot be transferred, Defendants have filed a motion to sever and partially transfer certain *claims* to the CFC, not a motion to transfer "an action," as explicitly contemplated by 28 U.S.C. § 1292(d)(4)(B) (the "stay provision"). Accordingly, the stay does not apply.

"[T]he starting point for interpreting a statute is the language of the statute itself." *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). If "the statute is clear and unambiguous, that is the end of the matter." *Sullivan v. Stroop*, 496 U.S. 478, 482 (1990) (internal quotation omitted). Here, the relevant statutory text provides that the stay only applies "[w]hen a motion to transfer an *action* to the Court of Federal Claims is filed in a district court[.]" 28 U.S.C. § 1292(d)(4)(B) (emphasis added). This language is plain and unambiguous.

1

A civil "action" means "all the formal proceedings in a court of justice attendant upon the demand of a right," *Cann v. Carpenters' Pension Trust Fund for N. Cal.*, 989 F.2d 313, 316 (9th Cir.1993), comprised of multiple claims, *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1093 (2d Cir. 1992). In other words, a motion to transfer an action is distinct from a motion to transfer individual claims.

At least one court that considered a similar partial transfer to the CFC concluded that the stay provision did not stay proceedings for this very reason. In *Far West Federal Bank, S.B. v. Director, Office of Thrift Supervision*, the district court denied the federal defendants' motion for a stay because the defendants sought to transfer some, but not all, of plaintiffs' claims to the CFC. 744 F. Supp. 233, 236 (D. Or. 1990) (explaining that stay provision "relates to a transfer of an 'action,' not to severance and transfer of a claim"), *aff'd*, 930 F.2d 883 (Fed. Cir. 1991).[1] The *Far West* court explained that granting a stay "would be senseless from the perspective of judicial economy, the burden on the litigants, and the public interest in a speedy, final resolution" given the "important national issues" at stake. *Id.*

The parallels to the present case are evident. Here, as in *Far West*, Defendants ask the court to sever and transfer individual claims to the CFC, not the entire action. Mot. p. 1. Defendants thus concede that the CFC lacks jurisdiction over the claims that Defendants do not seek to transfer.[2] And this case certainly involves "important national issues"—it concerns a federal policy affecting billions in appropriations challenged by a coalition of thirteen states. Thus, the *Far West* court's reasoning supports the conclusion that no stay should be imposed here.

Defendants argue that all proceedings are stayed because the Federal Circuit in *United States v. Cook County*, 170 F.3d 1084, 1089 (Fed. Cir. 1999), interpreted different statutory

---

[1] Though the Federal Circuit stayed one of the counts that had been transferred to the CFC, it did not stay the counts that remained before the district court that defendants had not moved to transfer, *Far West*, 930 F.2d at 887, which is at minimum consistent with Plaintiffs' argument in Part II, *infra*.

[2] Though Defendants seek to transfer some of Plaintiffs' constitutional claims, this Court has already expressed skepticism that the CFC has jurisdiction over them. *See* Transcript of Case Management Conference ("Transcript") p. 5:7-8 (Apr. 22, 2026) ("[A]s I understand it, [Plaintiffs' constitutional counts] can't be tried in the CFC"); *see also Thakur v. Trump*, 800 F. Supp. 3d 1044, 1062 (N.D. Cal. 2025) ("Plaintiffs cannot obtain injunctive relief as to their First Amendment claim alleging viewpoint discrimination in the CFC, which can only award contract damages") (quotation marks and citation omitted).

2

provisions, 28 U.S.C. §§ 1292(d)(4)(A) and 1631, to permit courts to transfer only part of an action to the CFC. But partial transfers are possible only if the transferred portions of a case arise from a different nucleus of operative facts from the non-transferred portions. *Id.* at 1091. Otherwise, the CFC lacks jurisdiction to hear any of the case. *Id.* (citing 28 U.S.C. § 1500). Here, all of Plaintiffs' claims are based on substantially the same operative facts—Defendants' efforts to "terminate the Green New Deal" and conduct a sweeping funding review.

Moreover, the *Cook County* court concluded that partial transfers to the CFC were possible because the relevant provision discusses the Federal Circuit's jurisdiction to hear an appeal of a district court order granting or denying "in whole or in part" a motion to transfer to the CFC. *Id.* at 1089 (discussing 28 U.S.C. § 1292(d)(4)(A)). But the court did not conclude that parties could move for partial transfer—only that the court could partially grant a motion to transfer. Nor did it consider the stay provision's applicability to such motions.

Rather, the text of the stay provision omits the words "or in part"—it references a stay upon a motion to transfer "an action" without a modifier. Thus, even if partial transfers of actions to the CFC are permitted, it does not follow that all claims must be stayed upon a partial transfer motion. Canons of statutory construction hold that because Congress used the words "or in part" in subparagraph (A) but not in subparagraph (B), it did so intentionally to *avoid* requiring a stay upon partial transfer motions. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 432 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (alteration in original) (citations omitted).

Defendants' other cited cases are inapposite because the district courts in those cases considered motions to transfer entire actions to the CFC. *See* Defendants' Combined Motion to Transfer or Dismiss, and to Clarify at 11, *Illinois v. Vought*, No. 26-cv-1566, 2026 WL 962382, at *1 (N.D. Ill. Feb. 23, 2026); Friant's Notice of Motion and Motion to Transfer to Court of Federal Claims at 13, *Friant Water Auth. v. Jewell*, No. 1:14-CV-000765-LJO, 2014 WL 532352 (E.D. Cal. Aug. 29, 2014); *Consolidated Edison Co. of New York v. U.S.*, 54 F. Supp. 2d 364, 365

3

(S.D.N.Y. 1999). These cases have no bearing here. In short, none of the proceedings are stayed for any of Plaintiffs' claims.

## II.    ALTERNATIVELY, THE STAY DOES NOT APPLY TO THE CLAIMS NOT SUBJECT TO TRANSFER

If the Court nevertheless concludes that section 1292 stays proceedings even upon a partial transfer motion, the Court should nonetheless limit the stay to the claims that Defendants seek to transfer and decline to stay proceedings as to the rest. To do otherwise would result in claims no one contends should be before the CFC sitting dormant, pointlessly and indefinitely.[3] This "absurd result[]" should "be avoided if alternative interpretations consistent with the legislative purpose are available." *Tovar v. Sessions*, 882 F.3d 895, 904 (9th Cir. 2018) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 575 (1982)).

Interpreting the statute to avoid staying claims not subject to transfer is consistent with the legislative purpose of the stay provision and avoids this absurd result. Congress provided for the interlocutory appeal to the Federal Circuit of district courts' grants or denials of transfer motions for the same reason it enacted the stay provision: to avoid requiring parties to litigate claims that may potentially "return to square one" in the CFC. H.R. REP. 100-889 at 52, *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6012–13; *Consol. Edison Co.*, 54 F. Supp. 2d at 367 ("The statute was enacted to permit a party who loses a transfer motion in these circumstances to receive a final determination on the jurisdictional question before resources are wasted by litigating the merits in the wrong forum."). But allowing proceedings for non-transferable claims to continue does not raise any of these same concerns about judicial economy because the non-transferable claims will never "return to square one" in the CFC. Instead, requiring a stay for non-transferable claims would leave claims to collect dust while the Court, and potentially the Federal Circuit on appeal, resolve Tucker Act issues for other claims. Congress did not intend such an interpretation, which would be "senseless from the perspective of judicial economy, the burden on the litigants, and the public interest in a speedy, final resolution." *Far West*, 744 F. Supp. at 236. As this Court already

---

[3] Though the stay automatically expires 60 days after the district court's order, it is continued if an appeal is taken from the district court's order on the motion to transfer and lasts until the appeal has been decided by the Federal Circuit. 12 U.S.C. § 1292(d)(4)(B).

4

explained, "it does not seem to make sense . . . to hold up the administrative record or the discovery to wait to see the outcome of Defendants' motion to move some or all of the claims to the Court of Federal Claims." Transcript p. 5:13-16.

Finally, Defendants' motion to dismiss is incompatible with their own arguments about the scope of the stay. Defendants have moved to transfer some claims and to dismiss others. But Defendants interpret section 1292 to stay *all* proceedings, which necessarily includes their own motion to dismiss. If, in turn, the motion to dismiss were stayed, the Court could not order the transfer of the claims that Defendants seek to transfer—the CFC could not exercise jurisdiction over them because they are all part of one "claim" under 28 U.S.C. § 1500. *See also Cook Cnty.*, 170 F.3d at 1091. In other words, to accept Defendants' argument about the scope of the stay is to recognize that either (1) some parts of this case are not stayed (such as Defendants' motion to dismiss) or (2) if the entire case *is* stayed, then the motion to transfer is necessarily doomed because the stay would prevent dismissal of the claims Defendants concede are not transferrable, divesting the CFC of jurisdiction over the claims Defendants seek to transfer.

Plaintiffs' Response to Supplemental Brief (3:26-CV-01417-RFL)

Dated:  May 11, 2026

Respectfully submitted,

**ROB BONTA**
Attorney General of California

TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
KRISTI HUGHES
HARALD H. KIRN
CHRISTOPHER J. KISSEL

*/s/ Ryan Eason*
RYAN EASON
Deputy Attorneys General

*Attorneys for Plaintiffs State of California
and California Governor's Office of Business
and Economic Development*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Sarah H. Weiss*
SARAH A. KRAKOFF, CBA #27366*
Deputy Solicitor General
CARRIE NOTEBOOM, CBA #52910**
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914**
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
sarah.krakoff@coag.gov
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for Plaintiff State of Colorado*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: /s/ *Kaia Boonzaier*
KAIA BOONZAIER, CA SBN # 348123
CAITLIN M. SODEN, WSBA # 55457**
LEAH A. BROWN, WSBA # 45803**
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
kaia.boonzaier@atg.wa.gov
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati**
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
Paul Berks**
Joanna Brinkman*
Complex Litigation Counsel
Sherief Gaber**
Jason E. James*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. Lasalle St.
Chicago, IL 60603
(773) 919-2923
Paul.Berks@ilag.gov

*Attorneys for Plaintiff State of Illinois*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein**
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Attorneys for Plaintiff State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth of Massachusetts

By: */s/ Vanessa A. Arslanian*
Vanessa A. Arslanian**
*State Trial Counsel*
Julia Jonas-Day*
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

7

**JENNIFER L. DAVENPORT**
Acting Attorney General of New Jersey

By: */s/ Jessica Palmer*
Jessica L. Palmer*
  *Assistant Attorney General*
Yael Fisher**
Elizabeth Van Winkle*
  *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-2984
Jessica.Palmer@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON**
*Assistant Attorney General*
MICHAEL J. MYERS *
*Senior Counsel*
KELSEA SUAREZ**
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8481
matthew.eisenson@ag.ny.gov
michael.myers@ag.ny.gov
kelsea.suarez@ag.ny.gov

*Attorneys for Plaintiff State of New York*


**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL**
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Eshan Dabak*
Eshan Dabak (R.I. Bar No. 11103)**
  Special Assistant Attorney General
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2041
edabak@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

8

**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose**
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 878-3171
jonathan.rose@vermont.gov

*Attorney for Plaintiff State of Vermont*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb, Wisconsin State Bar No.
1104662**
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

*Pro hac vice application forthcoming
**Admitted pro hac vice

9