ROB BONTA
Attorney General of California
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
KRISTI HUGHES
HARALD H. KIRN
CHRISTOPHER J. KISSEL
RYAN EASON
Deputy Attorneys General
State Bar No. 342757
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013-1230
 Telephone:  (213) 269-6505
 E-mail:  Ryan.Eason@doj.ca.gov

*Attorneys for Plaintiffs State of California and California Governor's Office of Business and Economic Development*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF ILLINOIS; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN; CALIFORNIA GOVERNOR'S OFFICE OF BUSINESS AND ECONOMIC DEVELOPMENT,** derivatively on behalf of **ARCHES H2 LLC;**<br><br>Plaintiffs,<br><br>v.<br><br>**CHRISTOPHER WRIGHT**, in his official capacity as Secretary of Energy; **U.S. DEPARTMENT OF ENERGY; RUSSELL T. VOUGHT**, in his official capacity as | Case No. 3:26-CV-01417-RFL<br><br>**PLAINTIFFS' OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF STAYING OR EXTENDING TIME TO RESPOND TO WRITTEN DISCOVERY**<br><br>Date:       None set<br>Time:       None set<br>Courtroom:  Courtroom 15 - 18th Floor<br>Judge:      The Honorable Rita F. Lin<br>Trial Date:  None set<br>Action Filed: February 18, 2026 |

Director of the U.S. Office of Management and Budget; **U.S. OFFICE OF MANAGEMENT AND BUDGET,**

Defendants,

– and –

**ARCHES H2 LLC,**

Nominal Defendant.

## INTRODUCTION

Defendants have not met their burden to justify the precautionary stay of discovery they request. As an initial matter, any stay here is inappropriate because the Court should deny Defendants' motion to dismiss and to transfer, which requests that some, but not all, of Plaintiffs' claims be transferred to the Court of Federal Claims ("CFC"). Because they have not sought to transfer the entirety of this action, Defendants' mere filing of that motion to transfer does not result in an automatic stay. And even if the motion to transfer did accord some stay, the stay should not apply to the claims that Defendants concede cannot be transferred, and discovery should not be delayed as to those claims because all of Plaintiffs' discovery requests relate to these non-transferable claims.

Regardless, the Court should deny Defendants' request to stay deadlines in this case pending a decision on the motion to transfer. Defendants claim that they would be "unduly burdened" if they were required to respond to discovery "while litigating the effect of their pending motion to transfer." But Defendants do not explain why that burden, which they created by moving to transfer, should relieve them from regular litigation deadlines set forth in the Federal Rules of Civil Procedure. And contrary to their representation that they are not asking for changes to this Court's case schedule, their requests for extended discovery deadlines, if granted, would disrupt the existing schedule and cause undue prejudice to Plaintiffs. The Court should therefore deny Defendants' motion for administrative relief.

## LEGAL STANDARD

The moving party bears the burden of justifying a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). To determine whether a stay is appropriate, courts balance the competing interests, including "the hardship or inequity which a party may suffer in being required to go forward" and "the possible damage which may result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).

1

**ARGUMENT**

**I.  ANY STAY IS INAPPROPRIATE BECAUSE THE COURT SHOULD DENY DEFENDANTS' MOTION TO TRANSFER**

As an initial matter, no stay is warranted because the Court should deny Defendants' motion to dismiss and to transfer, which requests that some, but not all, of the claims in this action be transferred to the CFC. Defs.' Mot. to Transfer (ECF 68). The mere filing of that motion—which does not seek to transfer this entire action to the CFC and concedes that some claims are not transferrable—does not entitle Defendants to an automatic stay under 28 U.S.C. § 1292(d)(4)(B) for all, or at least some, of their claims. Pls.' Response to Supp. Br. at pp. 1–3. Regardless, the stay does not apply to the claims that Defendants concede are not subject to transfer, and each of Plaintiffs' discovery requests is relevant to these non-transferred claims because they seek information about the adoption and implementation of the DOE Memo. Pls.' Opp. to Mot. to Transfer at p. 7 ("Plaintiffs' claims all arise from the same operative facts—Defendants' efforts to 'terminate the Green New Deal' and conduct a sweeping funding review.") For these reasons alone, Defendants' request for an additional stay of discovery should be denied.

**II.  THE COURT SHOULD DENY PLAINTIFFS' REQUEST TO STAY PENDING THE COURT'S DECISION ON DEFENDANTS' MOTION TO TRANSFER**

In the alternative, the Court should deny Defendants' request for an immediate stay pending the Court's resolution of the motion to dismiss and to transfer and its decision on the stay under 28 U.S.C. § 1292(d)(4)(B). Defendants first ask the Court to immediately stay all case deadlines, including their obligation to respond to any pending discovery requests, until the Court has determined the scope of the 28 U.S.C. § 1292(d)(4)(B) stay. Mot. for Admin. Relief ("Admin. Mot.") ¶ 9. They also ask the Court to extend this stay of their discovery obligations by an additional twenty-five days after the Court's ruling on the § 1292(d)(4)(B) stay if the Court ultimately rules that there is no stay under that provision. *Id.* In the alternative, Defendants request a thirty-day extension of their time prescribed under the Federal Rules of Civil Procedure to respond to Plaintiffs' discovery requests. *Id.* ¶ 10. Both requests are purely precautionary—they are meant to be in addition to, and separate from, the automatic stay under 28 U.S.C.

§ 1292(d)(4)(B)—and Defendants bear the burden of showing that the hardship they will suffer absent a stay outweighs the prejudice to Plaintiffs that may result from a stay. *See Lockyer*, 398 F.3d at 1110. Because Defendants have not met that burden, the requests should be denied.

> **A.    Defendants have not demonstrated an undue burden in responding to discovery under the applicable deadline**

Defendants state that they would be "unduly burdened" by their obligation to "simultaneously respond[] to [discovery] requests while litigating the effect of their pending motion to transfer." Admin. Mot. ¶ 6. But that cannot meet their burden to show a "hardship or inequity" requiring a stay, *see Lockyer*, 398 F.3d at 1110; *Clinton*, 520 U.S. at 708, since any burden on Defendants beyond the normal burdens of litigation is self-imposed. As justification for the stay, they point to "the time and resources devoted to litigating the transfer motion and its legal effect on this case." Admin. Mot. ¶ 10. But there is nothing unusual about Plaintiffs' discovery requests. They were not served on an expedited basis; the Court stated at the Case Management Conference on April 22 that it was "going to open discovery." Transcript of Case Management Conference p. 11:9 (Apr. 22, 2026). Nor do Plaintiffs seek expedited responses. If Defendants were not prepared to litigate "the effect of their pending motion" and manage normal litigation obligations at the same time, they should not have brought their motion to transfer. Defendants' self-created problem is not a "hardship or inequity," *see Lockyer*, 398 F.3d at 1110, and cannot justify delaying the case.

In any event, litigation concerning the effect of the transfer motion imposes no burden on Defendants because there is no litigating left for them to do on that issue. They have already filed their supplemental brief. They do not explain how simply waiting for a decision on the scope of the § 1292(d)(4)(B) stay poses a barrier to preparing discovery responses. Defendants point only to the fact that the Court ordered the parties to coordinate discovery with the ongoing discovery process in *Thakur v. Trump*, No. 25-CV-4737, and that the parties in *Thakur* may enter stipulations that may obviate some discovery. Admin. Mot. ¶ 8. It is unclear how that would affect Defendants' ability to respond to discovery in *this* case—except, perhaps, to make the schedule even simpler to manage.

**B.      Defendants' stay requests would disrupt the case schedule, causing undue prejudice to plaintiffs**

Defendants' stay requests would likely require an overhaul of the case schedule. This would prejudice Plaintiffs because it would leave insufficient time to complete fact discovery and thus require alteration of the case schedule, contrary to Defendants' statement that they are not proposing changes to dates the Court previously set. That, in turn, would delay the ultimate resolution of this case without any significant justification for doing so.

The Court has set fact discovery to close on July 7. ECF 63. The granting of Defendants' present stay requests would likely make that deadline untenable. Defendants' primary request—to stay their discovery deadline until twenty-five days after the Court's determination about the scope of the § 1292(d)(4)(B) stay—would likely push their discovery deadline to mid-June or later, leaving insufficient time to resolve any discovery disputes or to conduct supplemental discovery before the July 7 discovery cutoff. Their alternative request—to stay their response deadline by thirty days to June 22—would have the same effect. Either way, the extension of their deadline to respond to discovery would likely require an extension of the July 7 discovery cutoff. A party seeking to extend *that* deadline must make a "specific showing as to why it cannot complete fact discovery by the . . . deadline." *Cards Against Humanity, LLC v. Loftek Tech. Co., LLC*, No. 13-CV-0727, 2014 WL 120976, at *3 (N.D. Cal. Jan. 13, 2014). As explained above, Defendants have not made that showing here.

Moreover, extending the discovery cutoff date would effectively require the Court to modify its schedule, pushing out all subsequent deadlines to accommodate a complete discovery process. Defendants present no legitimate reasons to disrupt the current schedule. Delaying the resolution of this case without legitimate justification would prejudice Plaintiffs.

## CONCLUSION

The Court should deny Defendants' motion for administrative relief.

4

Dated:  May 11, 2026

Respectfully submitted,

**ROB BONTA**
Attorney General of California

TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
KRISTI HUGHES
HARALD H. KIRN
CHRISTOPHER J. KISSEL

*/s/ Ryan Eason*
RYAN EASON
Deputy Attorneys General

*Attorneys for Plaintiffs State of California
and California Governor's Office of Business
and Economic Development*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Sarah H. Weiss*
SARAH A. KRAKOFF, CBA #27366*
Deputy Solicitor General
CARRIE NOTEBOOM, CBA #52910**
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914**
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
sarah.krakoff@coag.gov
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for Plaintiff State of Colorado*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: /s/ *Kaia Boonzaier*
KAIA BOONZAIER, CA SBN # 348123
CAITLIN M. SODEN, WSBA # 55457**
LEAH A. BROWN, WSBA # 45803**
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
kaia.boonzaier@atg.wa.gov
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

5

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati**
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
Paul Berks**
Joanna Brinkman*
Complex Litigation Counsel
Sherief Gaber**
Jason E. James*
Assistant Attorney General
Office of the Illinois Attorney General
115 S. Lasalle St.
Chicago, IL 60603
(773) 919-2923
Paul.Berks@ilag.gov

*Attorneys for Plaintiff State of Illinois*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein**
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Attorneys for Plaintiff State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth of Massachusetts

By: */s/ Vanessa A. Arslanian*
Vanessa A. Arslanian**
*State Trial Counsel*
Julia Jonas-Day*
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

6

**JENNIFER L. DAVENPORT**
Acting Attorney General of New Jersey

By: */s/ Jessica Palmer*
Jessica L. Palmer*
  *Assistant Attorney General*
Yael Fisher**
Elizabeth Van Winkle*
  *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-2984
Jessica.Palmer@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*


**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON**
*Assistant Attorney General*
MICHAEL J. MYERS *
*Senior Counsel*
KELSEA SUAREZ**
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8481
matthew.eisenson@ag.ny.gov
michael.myers@ag.ny.gov
kelsea.suarez@ag.ny.gov

*Attorneys for Plaintiff State of New York*


**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL**
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*


**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Eshan Dabak*
Eshan Dabak (R.I. Bar No. 11103)**
  Special Assistant Attorney General
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2041
edabak@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

7

**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose**
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 878-3171
jonathan.rose@vermont.gov

*Attorney for Plaintiff State of Vermont*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb, Wisconsin State Bar No.
1104662**
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

*Pro hac vice application forthcoming
**Admitted pro hac vice

+

8