UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHRISTOPHER WRIGHT, et al., <br><br> Defendants. | Case No.  26-cv-01417-RFL <br><br> **ORDER REGARDING STAY PURSUANT TO 28 U.S.C. § 1292** <br><br> Re: Dkt. Nos. 68, 71 |

Plaintiffs challenge a 2025 Department of Energy ("DoE") memo and the resulting termination of grants funding energy projects.  On April 27, 2026, Defendants moved to sever and transfer certain of Plaintiffs' claims "to the extent they challenge the grant terminations" to the Court of Federal Claims ("CFC").  (Dkt. No. 68 at 15 ("Motion").)[1]  Defendants move to dismiss the remainder of each of the claims, to the extent the claims challenge the DoE memo. (*Id.*)  Defendants argue that the claims "cannot travel together through the federal courts," citing Justice Barrett's concurrence in *National Institutes of Health v. American Public Health Association*, 606 U.S. ---, 145 S. Ct. 2658, 2662 (2025) ("*NIH*").  (*Id.* at 15.)

In light of Defendants' Motion, the Court must determine whether 28 U.S.C. § 1292 stays any part of this action.  Section 1292 permits an interlocutory appeal to the Federal Circuit of orders "granting or denying, in whole or in part, a motion to transfer an action to the" CFC, and also states that:

> When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion.  If an appeal is taken from the district court's grant or denial

---

[1] Citations to page numbers refer to ECF pagination.

of the motion, proceedings shall be further stayed until the appeal
has been decided by the Court of Appeals for the Federal Circuit.

28 U.S.C. § 1292(d)(4)(A)–(B).  Legislative history reflects that the interlocutory appeal right

and automatic stay were adopted to "avoid[] wasteful and duplicative litigation on the merits in

the wrong trial court."  H.R. REP. 100-889 at 51–53, *as reprinted in* 1988 U.S.C.C.A.N. 5982,

6011–13.

The statutory language of Section 1292 is ambiguous when applied to the present case.

Defendants concede that they have not filed "a motion to transfer an action" to the CFC.  Instead,

they move to sever portions of Plaintiffs' claims and transfer the severed claims to the CFC,

while the rest of the claims remain with this Court.  Section 1292 contemplates a partial *grant* of

a motion to transfer an action, but the statutory language does not expressly address motions that

seek to transfer only part of an action.  However, in light of the legislative intent to avoid

duplicative litigation, the provision is best read to temporarily stay the portion of an action that is

subject to a motion to transfer.  This avoids the risk that the merits of a claim will be litigated in

the wrong court during the time that a motion to transfer is pending or on appeal, while ensuring

timely resolution of claims that everyone agrees should proceed in the district court.

This interpretation of the statute is consistent with Federal Circuit precedent.  In *Far West

Federal Bank, S.B. v. Director, Office of Thrift Supervision*, defendants moved to transfer two of

plaintiffs' claims from district court to the CFC and stay proceedings pursuant to Section 1292.

930 F.2d 883, 887 (Fed. Cir. 1991).  The district court denied the motion and defendants

appealed.  *Id.*  The Federal Circuit then stayed district court proceedings with respect to the claim

that was subject to the appeal from the transfer motion, but the claims that defendants had not

moved to transfer proceeded on the merits in the district court.  *Id.*  And in *United States v.

County of Cook, Illinois*, the Federal Circuit held that 28 U.S.C. § 1292(d)(4)(A) reflects

"Congress's intention [] to permit the transfer of less than all of the claims in an action."  170

F.3d 1084, 1089 (Fed. Cir. 1999).[2]  Therefore, Federal Circuit precedent suggests that partial

---

[2] In *County of Cook*, the Federal Circuit concluded that transfer was improper because the claims
before the district court and the claims sent to the CFC were "the same for purposes of" 28

motions to transfer to the CFC are appropriate, and that any stay under Section 1292 should mirror the scope of the transfer motion.

Moreover, accepting Defendants' interpretation of Section 1292 as staying this entire action would have absurd results.  Let's assume Defendants are right that the CFC has jurisdiction under 28 U.S.C. §§ 1491 and 1500 to hear the claims Defendants seek to transfer, and the motion to transfer is granted.  In that situation, the claims in this Court would not be indefinitely stayed; they would proceed alongside the CFC case in two-track litigation, as Justice Barrett described in *NIH*.  *See* 145 S. Ct. at 2662.  Therefore, if the claims before this Court would necessarily proceed post-transfer, it makes no sense—and serves no one—to stay them pending resolution of Defendants' Motion.

Defendants alternatively argue that only Plaintiffs' *ultra vires* claim may proceed, but that the remaining portions of the claims Defendants do not seek to transfer (that is, those challenging the DoE memo) should nonetheless be stayed.  However, Defendants provide no basis in the statute or case law for treating the severed claims that would remain with the Court differently from the whole claim that would remain.  Because the Court must reach the merits as to the remaining portions of all of Plaintiffs' claims, regardless of the outcome of the motion to transfer, the claims are not stayed.

Accordingly, proceedings in this action, including discovery, are automatically stayed with respect to the portions of claims that are subject to the motion to transfer.  For avoidance of doubt, proceedings are not stayed as to any claim to the extent the claim challenges the DoE memo, or as to Plaintiffs' *ultra vires* claim.  The parties should meet and confer regarding the scope of discovery and the administrative record in light of this Order, and, if necessary, may request the Court's guidance by submitting a joint letter of no more than five pages.

Defendants have filed an administrative motion to stay their deadline to respond to written discovery requests served on them on April 22, 2026, pending the resolution of their

---

U.S.C. § 1500, and the CFC therefore lacked jurisdiction over the simultaneously pending claims.  *Id.* at 1090–91.

Motion to Dismiss and to Transfer.  (Dkt. No. 71.)  Having considered the parties' arguments, the administrative motion is **DENIED**.  To the extent the discovery requests pertain solely to the portion of this action that is stayed, the request is moot because those claims have been automatically stayed.  To the extent that the requests pertain to portions of this action that have *not* been stayed, there is no reason to delay discovery.  Defendants do not identify any cognizable hardship or burden that they would suffer from responding as required, and the requested extension would disrupt the existing case schedule unnecessarily.

        **IT IS SO ORDERED.**

Dated: May 13, 2026

RITA F. LIN
United States District Judge