May 20, 2026

**VIA ECF**

The Honorable Rita F. Lin
District Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

**Re:**    *California, et al., v. Christopher Wright, et al.*, Case No. 26-cv-01417-RFL

Dear Judge Lin:

The parties seek the Court's assistance to resolve their dispute concerning the scope of discovery pursuant to the May 13, 2026, Order Regarding Stay Pursuant to 28 U.S.C. § 1292 ("Order," ECF 76). The parties met and conferred in good faith over videoconference on May 18, 2026. For the Court's convenience, true and correct copies of the discovery requests Plaintiffs propounded on April 22 are attached as exhibits: Plaintiffs' Interrogatories to Defendant U.S. Department of Energy, Set One (**Ex. 1**); Plaintiffs' Interrogatories to Defendant Office of Management and Budget, Set One (**Ex. 2**); Plaintiffs' Requests for Admission to Defendants, Set One (**Ex. 3**); Plaintiffs' Requests for Production, Set One (**Ex. 4**).

### *Plaintiffs' Position.*

As the Court noted in the Order, Defendants moved to transfer certain claims to the Court of Federal Claims ("CFC") only "'to the extent they challenge the grant terminations.'" Order p. 1. Defendants also conceded that "some of Plaintiffs' claims extend beyond grant terminations" and that those claims were not subject to the motion to transfer. Motion ("Mot.") (ECF 68) p. 1. The Court ruled that although the "proceedings in this action, including discovery, are automatically stayed with respect to the portions of claims that are subject to the motion to transfer," the proceedings are not stayed "as to any claim to the extent the claim challenges the DOE Memo, or as to Plaintiffs' *ultra vires* claim." Order p. 3.

All of Plaintiffs' discovery requests are calculated to obtain discoverable information about subject matter other than the termination of Plaintiffs' awards—including the claims that challenge the DOE Memo and the *ultra vires* claim—as explained more fully below. Accordingly, none of those requests are stayed. Nevertheless, Plaintiffs remain willing to postpone some of their requests during the pendency of the stay, notwithstanding their appropriateness.

Defendants argue that the only requests outside the scope of the stay are those that concern agency actions related to and preceding the promulgation of the DOE Memo on May 15, 2025. But Plaintiffs' claims that "extend beyond grant terminations" are not limited to the promulgation of the DOE Memo. Plaintiffs plausibly allege that Defendants adopted a policy to review all DOE funding that was memorialized in the DOE Memo and that their review policy was unlawful in myriad ways. Plaintiffs allege that the review process was part of an effort dating to January 2025 intended to eliminate programs created and funded by Congress. Compl. (ECF 1)

1

¶¶ 1, 54, 56, 230. Plaintiffs also allege that pending Defendants' review, Defendants improperly rendered inaccessible millions—or even billions—of dollars in funding awarded to Plaintiffs. *Id.* ¶¶ 53, 82, 83. They allege that the DOE Memo "was a pretext" adopted to "give the Administration thin bureaucratic cover," *id.* ¶ 5, and that its adoption was "incongruent with what the record reveals about the agency's priorities and decisionmaking process," *id.* ¶ 228 (quoting *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019)). And they allege that the adoption *and implementation* of the DOE Memo itself disregarded their serious reliance interests, *id.* ¶ 232, and, in implementing the policy, that Defendants unlawfully imposed new and vague criteria on Plaintiffs' awards, *id.* ¶ 233. These allegations are separate from, and do not challenge, the October 2025 termination of Plaintiffs' awards. Plaintiffs' allegations concern not just the promulgation of the DOE Memo, but also Defendants' motive for adopting it; its pretextual nature; the non-termination harms it caused, such as the freezing of funds; and the arbitrary and capricious manner in which Defendants adopted and implemented it. Each of those allegations are bases of relief under the Constitution and/or the APA. None "challenge the grant terminations." Order p. 1.

Plaintiffs' discovery requests are, in turn, "reasonably calculated to lead to the discovery of admissible evidence" related to that non-termination subject matter, *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). To obtain evidence related to Defendants' efforts to eliminate programs and funding created by Congress, as evidenced in part by the DOE Memo, Plaintiffs seek information about:

- Communications between Defendants about the implementation of the "Unleashing American Energy" executive order and the review process (*e.g.*, Ex. 1, interrogatories ("rogs") 1, 14, 15, 16; Ex. 2, rog 1);
- Communications between Defendants and others about the committee assembled to review each award (the "Portfolio Review Committee") (*e.g.*, Ex. 1, rog 8);
- DOE's termination of the Office of Clean Energy Demonstrations (*e.g.*, Ex. 1, rogs 9, 10; Ex. 3, RFAs 12, 13; Ex. 4, RFP 12);
- The membership of the Portfolio Review Committee (*e.g.*, Ex. 4, RFP 3);
- The relationship between the review process and the Trump Administration's effort to "terminate the Green New Deal" (*e.g.*, Ex. 3, RFA 3);
- Information about how the review process was implemented (*e.g.*, Ex. 1, rogs 12, 13).

To obtain evidence of non-termination-related harm, Plaintiffs seek information about how awards were reviewed, including, for example, whether an award was frozen or abandoned during the review (*e.g.*, Ex. 1, rogs 12, 13). To obtain evidence related to the pretextual nature of the DOE Memo, Plaintiffs seek information about:

- OMB's involvement in the review process, which was ostensibly about awards' conformity with DOE's policies (*e.g.*, Ex. 2, rogs 2, 3, 5, 6; Ex. 3, RFA 4);
- The creation of a "kill list" preceding the DOE Memo (*e.g.*, Ex. 1, rog 11; Ex. 4, RFP 9);
- OMB's involvement in the "kill list" (*e.g.*, Ex. 2, rog 4);
- Any review of awards or selection of awards for termination that preceded the DOE Memo (*e.g.*, Ex. 1, rog 5; Ex. 3, RFAs 1, 2);
- Creation of the Portfolio Review Process (*e.g.*, Ex. 1, rog 6);
- Procedures adopted for reviewing awards (*e.g.*, Ex. 1, rog 7; Ex. 4, RFPs 4, 5, 10);

2

- Defendants' intent to use termination of awards as political leverage (*e.g.*, Ex. 3, RFA 7).

And to seek evidence about Defendants' disregard for Plaintiffs' serious reliance interests and about their intentional adoption of vague criteria to form the basis for the review, Plaintiffs seek information about:

- Communications between Defendants that might have dictated outcomes of the review (*e.g.*, Ex. 1, rog 1; Ex. 2, rog 1);
- Processes for reviewing awards (Ex. 1, rog 7; Ex. 4, RFPs 4, 5);
- The use of tools such as artificial intelligence in conducting the review (*e.g.*, Ex. 2, rog 8);
- The manner in which specific awards were reviewed, including who evaluated the award, the criteria and metrics that were used, the types of tools that were used—including artificial intelligence—and whether the award was frozen during the review (*e.g.*, Ex. 1, rogs 12, 13; Ex. 3, RFA 5);
- Any review of awards or selection of awards for termination that preceded the DOE Memo (*e.g.*, Ex. 1, rog 5; Ex. 3, RFA 1, 2).

Without waiving any argument about the relevance of any requests to any of Plaintiffs' claims, Plaintiffs proposed to Defendants the following list of requests that Plaintiffs would be willing to forgo temporarily, pending the lifting of the stay: Ex. 1, rogs 2, 12(r), and 13(s); Ex. 2, rogs 6, 7, and 8; Ex. 3, RFAs 8, 9, and 10; Ex. 4, RFPs 4, 5 & 8 (only to the extent they discuss termination), 6, and 7. Even those requests pertain to the manner in which Defendants effectuated their review process, and thus are relevant to the non-stayed claims—even if they may also be relevant to some degree to the termination of Plaintiffs' awards. As the Court explained, only requests that "pertain *solely*" to the terminations are within the scope of the stay. Order p. 4 (emphasis added). Still, Plaintiffs offered to postpone them and note them here to demonstrate their willingness to reach a compromise to avoid a protracted discovery dispute.

### *Defendants' Position.*

Pursuant to this Court's Order Regarding Stay Pursuant to 28 U.S.C. § 1292 entered May 13, 2026, ECF No. 76, discovery has been limited to "portions of this action that have *not* been stayed" by operation of 28 U.S.C. § 1292, pending resolution of Defendants' Motion to Dismiss and to Transfer ("Defs.' Mot."), ECF No. 68. Defendants understand the Order to mean that active discovery is confined to Plaintiffs' constitutional and ultra vires claims challenging the DOE Memo, and the Administrative Record is limited to the DOE Memo (which Defendants maintain is not a final agency action). As Defendants have noted in their prior filings and this Court has acknowledged in its Order, ECF No. 76 at 2, the purpose of the automatic stay under 28 U.S.C. § 1292 is to avoid unduly burdensome discovery obligations while a motion to transfer is pending. *See* H.R. REP. 100-889 at 51–53, as reprinted in 1988 U.S.C.C.A.N. 5982, 6011–13. Accordingly, to the extent that Plaintiffs' requests seek to take discovery of matters beyond the promulgation of the DOE Memo, litigation of those matters is stayed and these requests therefore exceed the scope of active discovery.

The parties here effectively dispute the scope of Defendants' transfer motion, as the scope of that motion determines the scope of the stay. ECF No. 76 at 3 ("Accordingly, proceedings in this action, including discovery, are automatically stayed with respect to the portions of claims that are subject to the motion to transfer."). As explained in Defendants' Motion, Defendants

have moved to transfer Plaintiffs' claims to the extent they challenge the grant terminations, and to dismiss Plaintiffs' remaining claims challenging the issuance of the DOE Memo.  Defs.' Mot. at 10.  Thus, discovery can proceed only to claims challenging the DOE Memo itself—claims related to the implementation of that memo, including any resulting terminations, are properly stayed.

As an initial matter, no discovery has been authorized for Plaintiffs' APA claims (Counts II and III).  *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019, 1029-30 (9th Cir. 2004) (noting the "general rule that courts reviewing an agency decision are limited to the administrative record").  Many of Plaintiffs' arguments as to the relevance of the already-served discovery requests pertain to their APA claims.  These include the allegations that the agency's explanations are inconsistent with the record (Count III, ¶ 228), that the agency disregarded reliance interests (Count III, ¶ 232), and that the implementation of the policy imposed vague and opaque criteria (Count III, ¶ 233), as well as Plaintiffs' general allegation that the adoption and implementation of the policy was arbitrary and capricious.  *See, e.g.*, Ex. 4, RFP 10 ("All COMMUNICATIONS and DOCUMENTS RELATING TO the results of any evaluation, scoring, or review of each AWARD that was reviewed under the DOE MEMO and/or pursuant to the Portfolio Review Process.").  Because the Court has not ordered discovery on any APA claims, they cannot serve as a basis for the relevance of discovery on Plaintiffs un-stayed claims.

Turning to Defendants' transfer motion, Defendants moved to transfer Plaintiffs' APA claims to the extent they challenged the terminations, but not to the extent they challenge the DOE Memo itself.  Indeed, Plaintiffs recognize that there is a distinction between the adoption of the DOE Memo and its implementation.  In Plaintiffs' opposition to the transfer motion, for example, they argue that DOE's memorialization of its policy in the DOE Memo was, itself, final agency action.  Pls.' Opp'n at 12, ECF No. 72.  Although Plaintiffs also argue that there is more than one agency action (they identify only the DOE Memo and the terminations), Pls.' Opp'n at 13, Defendants have moved to transfer Plaintiffs' claims to the extent they challenge those other alleged actions.  That is, to the extent that Plaintiffs challenge the implementation of the DOE Memo, including any review of awards that led to a termination, those allegations are encompassed within the claims Defendants have moved to transfer.  *See* Compl ¶ 225 (alleging that the "adoption of the DOE Memo and termination of statutorily required programs" are both final agency actions).  Accordingly, should the Court not dismiss Plaintiffs' APA claims and conclude that the DOE Memo is a final agency action, the Administrative Record is necessarily generally limited to materials that the agency considered directly or indirectly at the time the decision was made, *i.e.*, the DOE Memo.

This distinction between "adoption" and "implementation" applies to Plaintiffs' other claims.  Defendants also have moved to transfer Plaintiffs' constitutional claims, except to the extent they challenge the promulgation of the DOE Memo.  *See, e.g.*, Compl. ¶ 217 (alleging that the "DOE Memo" and the "policy of implementing the DOE Memo" each violate the separation of powers).  And Plaintiffs' allegations regarding the implementation of the memo pertain to the review and termination of awards—the implementation is challenged to the extent it results in terminations.  *See id.* (alleging that the "policy of implementing the Memo" was "to punish Blue States").  Plaintiffs' ultra vires claim separately challenges the "adopti[on] of the DOE Memo," Compl. ¶ 240, which does not encompass implementation.

Plaintiffs' discovery requests directed at the implementation of the DOE Memo extend beyond the scope of the unstayed claims. Many of the requests Plaintiffs list above underscore that Plaintiffs' allegations regarding the "review process" implementing the DOE Memo ultimately concern at their allegations that Defendants unlawfully terminated the awards through that review process. *See, e,g.*, *supra* ("Any review of awards or selection of awards for termination that preceded the DOE Memo," and "The manner in which specific awards were reviewed, including who evaluated the award, the criteria and metrics that were used, the types of tools that were used—including artificial intelligence—and whether the award was frozen during the review[.]"). The review and evaluation of awards is critical to Plaintiffs' allegations that the awards were unlawfully terminated. *See* Pls.' Opp'n at 13 ("The review process 'was used to execute mass terminations[.]'"). And, accordingly, Defendants moved to transfer those claims to the Court of Federal Claims, as it has exclusive jurisdiction to adjudicate the lawfulness of the review and termination of the awards.

Applying that distinction, Defendants understand discovery to be limited to the promulgation of the DOE Memo, and to exclude discovery regarding the implementation of the memo, including review (and termination) of individual awards. Defendants would exclude from active discovery the following requests pertaining to matters that are currently stayed: Ex. 1, rogs 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14; Ex. 2, rog 5 (partially stayed, to the extent information sought pertains to the claims Defendants have moved to transfer, including the claims that Plaintiffs have framed as challenging the implementation of the PRP memo), and rogs 1, 2, 3, 4, 6, 7, 8, and 9 (completely stayed); Ex. 3, RFAs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 14; Ex. 4, RFPs 1, 2, 4, 5, and 12 (partially stayed), and 3, 6, 7, 8, 9, 10, 11 (completely stayed).

Sincerely,

**ROB BONTA**
Attorney General of California

By: */s/ Christopher J. Kissel*
CHRISTOPHER J. KISSEL (SBN 333937)
RYAN EASON
KRISTI HUGHES
HARALD H. KIRN
Deputy Attorneys General
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General

*Attorneys for Plaintiffs State of California and California Governor's Office of Business and Economic Development*


**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Kaia Boonzaier*
KAIA BOONZAIER, CA SBN # 348123
CAITLIN M. SODEN, WSBA # 55457
LEAH A. BROWN, WSBA # 45803
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
kaia.boonzaier@atg.wa.gov
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Sarah H. Weiss*
SARAH A. KRAKOFF, CBA #27366
Deputy Solicitor General
CARRIE NOTEBOOM, CBA #52910
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
sarah.krakoff@coag.gov
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for Plaintiff State of Colorado*


**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
Paul Berks
Joanna Brinkman
Complex Litigation Counsel
Sherief Gaber
Jason E. James
Assistant Attorney General
Office of the Illinois Attorney General
115 S. Lasalle St.
Chicago, IL 60603
(773) 919-2923
Paul.Berks@ilag.gov

*Attorneys for Plaintiff State of Illinois*

**ANDREA JOY CAMPBELL**
Attorney General of the Commonwealth of
Massachusetts

By: */s/ Vanessa A. Arslanian*
Vanessa A. Arslanian
*State Trial Counsel*
Julia Jonas-Day
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for Plaintiff Commonwealth of
Massachusetts*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Attorneys for Plaintiff State of Maryland*

**JENNIFER L. DAVENPORT**
Acting Attorney General of New Jersey

By: */s/ Jessica Palmer*
Jessica L. Palmer
 *Assistant Attorney General*
Yael Fisher
Elizabeth Van Winkle
 *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-2984
Jessica.Palmer@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

7

**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON
*Assistant Attorney General*
MICHAEL J. MYERS
*Senior Counsel*
KELSEA SUAREZ
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8481
matthew.eisenson@ag.ny.gov
michael.myers@ag.ny.gov
kelsea.suarez@ag.ny.gov

*Attorneys for Plaintiff State of New York*

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Eshan Dabak*
Eshan Dabak (R.I. Bar No. 11103)
  Special Assistant Attorney General
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2041
edabak@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 878-3171
jonathan.rose@vermont.gov

*Attorney for Plaintiff State of Vermont*

8

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb, Wisconsin State Bar No. 1104662
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

**BRETT A. SHUMATE**
Assistant Attorney General
Civil Division

**ERIC J. HAMILTON**
Deputy Assistant Attorney General

**JOSEPH E. BORSON**
Assistant Branch Director

/s/ *Elizabeth B. Layendecker*
**ELIZABETH B. LAYENDECKER**
(Cal Bar No. 357429)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Email: Elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*

9