UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER WRIGHT, et al.,<br><br>Defendants. | Case No.  26-cv-01417-RFL<br><br>**ORDER SETTING HEARING ON DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 78 |

A hearing on the parties' discovery dispute is set for **May 28, 2026 at 11:00 a.m.** via Zoom videoconference.

The Court is of the tentative opinion that discovery should proceed as to Plaintiffs' requests, except for the requests that Plaintiffs have voluntarily agreed not to pursue at this time. As already explained, discovery is stayed to the extent a request pertains solely to the portion of the action that is the subject of Defendants' motion to transfer.  (Dkt. No. 76.)  But "proceedings [and discovery] are not stayed as to any claim to the extent the claim challenges the DoE memo, or as to Plaintiffs' *ultra vires* claim."  (*Id.* at 3.)[1]  As Defendants point out, no discovery has been authorized as to Counts II and III, which are Plaintiffs' APA claims.  Furthermore, it does not appear that Counts V and VI directly challenge the DoE Memo.  (Dkt. No. 1 ¶¶ 244–46, 249–50; *id* at Prayer for Relief ¶¶ 3–4.)  Therefore, the question appears to be:  What discovery are Plaintiffs entitled to related to Counts I and IV?

Plaintiffs' discovery requests appear to be relevant to the non-stayed portion of Count I

---

[1] Citations to page numbers refer to ECF pagination.

1

and to Count IV.  Both claims appear to challenge the DoE memo on more or less a separation of powers theory.  (*Id.* ¶ 217; *see also id.* ¶ 240 ("Defendants acted without lawful authority in adopting the DOE Memo and *choking off congressionally appropriated funding.*") (emphasis added).)  The implementation of the DoE memo—including the review process that was undertaken—could bear on the purpose and intended effect of the memo, which would appear to be relevant to the question of whether the adoption of the memo was in excess of statutory and/or constitutional authority and was "an attempt to supersede Congress's spending authority."  (*Id.* ¶ 215.)  Rule 26 broadly authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  It is difficult to see how Plaintiffs' requests could be considered irrelevant to this legal theory.

At the hearing, each side will address the tentative, and then at the end, the parties will have time to present any additional argument that they wish to make.  The parties **shall not** file written responses to this notice.

**IT IS SO ORDERED.**

Dated: May 22, 2026

RITA F. LIN
United States District Judge