UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STATE OF CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER WRIGHT, et al.,<br><br>Defendants. | Case No.  26-cv-01417-RFL<br><br>**ORDER ON DISCOVERY DISPUTE**<br>Re: Dkt. No. 78 |

The parties have filed a discovery letter brief seeking to resolve a dispute over the proper scope of discovery Plaintiffs may seek.  (Dkt. No. 78.)  In summary, a portion of this case is stayed based on Defendants' motion to transfer.  (Dkt. No. 76.)  But "proceedings [and discovery] are not stayed as to any claim to the extent the claim challenges the [Department of Energy] memo" that is central to this action, "or as to Plaintiffs' *ultra vires* claim."  (*Id.* at 3.)[1] At a hearing on the discovery dispute, the parties agreed that the unstayed portion of the case for which discovery has been authorized is the separation of powers claim (Count I), to the extent it challenges the DoE memo, and the *ultra vires* claim (Count IV).

Plaintiffs' discovery requests are relevant to the non-stayed portion of Count I and to Count IV.  Both claims challenge the DoE memo on more or less a separation of powers theory. (*Id.* ¶ 217; *see also id.* ¶ 240 ("Defendants acted without lawful authority in adopting the DOE Memo and *choking off congressionally appropriated funding.*") (emphasis added).)  The implementation of the DoE memo—including the review process that was undertaken as to individual grants or cooperative agreements—could bear on the scope, purpose, and intended effect of the memo, which is relevant to whether the adoption of the memo was in excess of

---

[1] Citations to page numbers refer to ECF pagination.

statutory and/or constitutional authority and was "an attempt to supersede Congress's spending authority." (*Id.* ¶ 215.)  Rule 26 broadly authorizes discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The requests meet this standard.

The government argues that the disputed discovery requests are *more* relevant to the stayed portion of the case.  That may be true.  But it does not change the Rule 26(b)(1) analysis, which simply requires the Court to look at the live claims and consider whether the discovery requests are relevant and proportional to those claims.  The government also observed at oral argument that it is generally restricted from relying on events after the fact in justifying an agency decision.  But that does not undermine the relevance of subsequent events as evidence of the scope, purpose, and intended effect of an agency action at the time it was adopted.  Furthermore, counsel for the government stated at the hearing that Defendants reserve the right to rely on events post-dating the issuance of the DoE memo in defense to Counts I and IV.  Therefore, the requested information is within the scope of Rule 26(b)(1).[2]

For the foregoing reasons, discovery is authorized as to Plaintiffs' discovery requests attached to the parties' discovery letter brief, except for the requests that Plaintiffs have voluntarily agreed not to pursue at this time.

**IT IS SO ORDERED.**

Dated: May 29, 2026

RITA F. LIN
United States District Judge

---

[2] This Order addresses the issue of relevance, which is broadly construed for discovery purposes. It does not address the extent to which the information ultimately produced in response to Plaintiffs' requests may be properly considered in support of a dispositive motion or admitted at trial.