UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF CALIFORNIA, et al., | Case No. 26-cv-01417-RFL |
| Plaintiffs, | |
| v. | **NOTICE OF QUESTIONS FOR HEARING** |
| CHRISTOPHER WRIGHT, et al., | Re: Dkt. No. 68 |
| Defendants. | |

The Court requests that the parties be prepared to address the following questions at the hearing on Defendants' Motion to Dismiss and to Transfer, set for June 16, 2026, at 1:30 p.m., in Courtroom 15 at the San Francisco Courthouse.

1.     Do Defendants agree that the portions of the claims challenging grant terminations arise from the same operative facts as the remaining portions of the claims? If so, do Defendants agree that the Court must deny Defendants' transfer motion under 28 U.S.C. § 1500, and consider only Defendants' alternative motion to dismiss those claims without prejudice?

2.     With respect to Defendants' alternative motion to dismiss claims challenging grant terminations without prejudice, do the parties agree that such a motion falls outside the interlocutory appeal provision of 28 U.S.C. § 1292(d)(4)(B), which applies only to motions to transfer? As such, is it subject to Ninth Circuit law rather than Federal Circuit law?

3.     Is it Defendants' view that whenever a constitutional violation is carried out through termination of a federal contract, a claim seeking to undo that act must be brought in the Court of Federal Claims? For example, if all executive branch

1

agencies started terminating grants of anyone who had ever publicly criticized the President, is it Defendants' view that those individuals could only have their grants reinstated by suing for damages in the Court of Federal Claims, and could not seek preliminary injunctive relief in the district courts to immediately redress the First Amendment harm?

4.    Imagine that Plaintiffs' grants are reinstated pursuant the relief sought, but DoE immediately re-terminates the grants for undisputedly legitimate reasons and redirects the money to other green energy projects that are within the statutory mandates set by Congress.  Do Plaintiffs believe that would violate the injunctive relief sought?  If not, why should the Court view the injunctive relief requested as "predicated on a contract" rather than predicated on a decisionmaking process that complies with constitutional requirements?

5.    Plaintiffs' APA claims seek "an order under 5 U.S.C. § 705 preserving the status of Plaintiffs' awards as of the date of this Complaint, and remanding DOE's termination or abandonment of those awards to DOE for reconsideration within a specified period in light of the vacatur of the DOE Memo."  (Dkt. No. 1 at Prayer for Relief ¶ 2(d).)  However, Justice Barrett's concurrence in *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658 (2025) ("*NIH*") finds that vacating guidance is "legally distinct" from voiding *past* grant terminations made under such guidance, and indicates that challenges to the latter action are likely committed to the Court of Federal Claims.  On what basis do Plaintiffs contend that this relief remains within the district court's jurisdiction after *NIH*?

6.    Plaintiffs allege that "[t]he DOE Memo memorialized Defendants' effort to roll back programs the Administration disfavors while allowing them to eliminate these programs under a pretextual veil of procedural validity."  (Dkt. No. 1 ¶ 89.)  May a court find a final agency action where the challenged announcement does not expressly describe the allegedly unlawful policy that is ultimately challenged?

7.      Ultra vires review is unavailable where "a statutory review scheme provides aggrieved persons with a meaningful and adequate opportunity for judicial review." *Nuclear Regul. Comm'n v. Texas*, 605 U.S. 665, 681 (2025) (citation omitted).  Is it Plaintiffs' position that their ultra vires claim can be pled in the alternative to their APA claims at the motion to dismiss stage?  Does the ultra vires claim otherwise address a right or a harm that is distinct from those addressed by Plaintiffs' APA claims?

At the hearing, each side will address each question in the sequence stated above, and then at the end, the parties will have additional time to present any additional argument that they wish the Court to hear.  The parties **<u>shall not</u>** file written responses to this Notice of Questions.

      **IT IS SO ORDERED.**

Dated: June 11, 2026

RITA F. LIN
United States District Judge