ROB BONTA
Attorney General of California
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
RYAN EASON
KRISTI HUGHES
HARALD H. KIRN
ZELDA VASSAR
CHRISTOPHER J. KISSEL
Deputy Attorneys General
State Bar No. 333937
 300 S. Spring Street
 Los Angeles, CA  90026
 Telephone:  (213) 269-6388
 E-mail:  Christopher.Kissel@doj.ca.gov

*Attorneys for Plaintiffs State of California and California Governor's Office of Business and Economic Development*

*Additional Counsel Listed on Signature Page*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA**, et al., | Case No.: 3:26-cv-01417-RFL |
| Plaintiffs, | **STIPULATION TO AMEND THE CASE SCHEDULE AND PARTIES' SEPARATE STATEMENTS** |
| **v.** | |
| **CHRISTOPHER WRIGHT**, et al., | Judge: The Honorable Rita F. Lin |
| Defendants. | |

1

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rules 6-2 and 7-12, the parties hereby stipulate to modify the scheduling order in this case, ECF 63. The Court previously modified the schedule on July 6, 2026, pursuant to stipulation, extending the discovery cut-off date to July 14, 2026.

The parties stipulate that good cause exists to modify the case schedule for the following reasons.

WHEREAS, on April 22, 2026, the Court held an initial case management conference and set a schedule, which set July 7, 2026, as the deadline for the close of discovery, ECF 63;

WHEREAS, also on April 22, 2026, Plaintiffs served discovery requests on Defendants;

WHEREAS, on May 12, 2026, the Court ruled that Plaintiffs' motion to transfer caused the case to be stayed as to "the portions of claims that are subject to the motion" but not "as to any claim to the extent the claim challenges the DoE memo, or as to Plaintiffs' ultra vires claim." ECF 76 at 3. The Court invited the parties to submit to it any disputes regarding the scope of discovery in light of the stay, *id.*;

WHEREAS, on May 20, 2026, the parties submitted a joint letter describing their positions on the scope of discovery. ECF 78. On May 22, 2026, Defendants served partial responses and objections to the first set of discovery requests. Defendants did not respond to some requests, asserting that they were outside the scope of permitted discovery;

WHEREAS, on May 29, 2026, the Court ruled that all of Plaintiffs' discovery requests, save those Plaintiffs voluntarily deferred, satisfied the standard of Federal Rule of Civil Procedure 26(b)(1), which authorizes discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," ECF 84 at 2;

WHEREAS, on June 4, 2026, the parties conferred. Defendants' counsel stated that Defendants would be unable to complete the production of responsive documents before the close of discovery on July 7, 2026. On June 12, Defendants served supplemental responses and objections to the first set of RFPs and included in their objections that Plaintiffs' requests were overbroad, disproportionate, and unduly burdensome, but indicated that they would confer with Plaintiffs on the scope of their requests;

WHEREAS, on June 17, 2026, the parties conferred again to discuss document production and Plaintiffs' intent to notice depositions. Defendants stated that it would take approximately five months to collect and review documents related to the review of individual awards pursuant to DOE's Portfolio Review Process. Defendants also informed Plaintiffs that they would take multiple years to produce all documents responsive to the initial set of document requests. Plaintiffs committed to identify specific custodians and other priorities to ease the burden of document production and asked Defendants to describe their efforts to identify and collect documents relevant to Plaintiffs' discovery requests. Defendants also committed to producing specific, readily available documents in the short term;

WHEREAS, on June 22, 2026, Defendants produced seventeen documents. The next day, June 23, 2026, Plaintiffs sent a letter to Defendants with several proposals for prioritizing documents and information, a true and correct copy of which is attached hereto as Exhibit A. Among other things, the letter asked Defendants to prioritize responsive documents in the custody of six specific individuals and on spreadsheets compiled during Defendants' award review;

WHEREAS, on June 29, 2026, Defendants responded to Plaintiffs' letter, a true and correct copy of which is attached hereto as Exhibit B. Defendants could not commit to dates for the short-term production of the categories identified in Plaintiffs' June 23 letter, but did agree to produce a subset of readily available documents;

WHEREAS, on July 3, 2026, the parties submitted a stipulation extending the discovery cut-off date by one week because they could not agree to a modified case schedule in time to meet the July 7 discovery cut-off. ECF 104. The Court granted that stipulation, ECF 105;

WHEREAS, on July 3 and July 6, 2026, Defendants shared information about the searches they had conducted for responsive documents and on July 6, produced twelve documents;

IT IS HEREBY STIPULATED AND AGREED, by and among the parties, that the schedule of this case be modified to accommodate ongoing discovery. The parties submit their separate statements and proposals below.

**PLAINTIFFS' SEPARATE STATEMENT AND PROPOSED SCHEDULE**

The schedule that Plaintiffs propose below serves the interests of efficiency and economy in at least three ways. First, it assures that documents responsive to Plaintiffs' discovery requests will be produced in a steady, timely, and complete manner. Second, by requiring Defendants to produce, in Tranche 1, a defined set of documents within the month, it aims to ease their burden while facilitating timely production of the documents that Plaintiffs have identified as the most necessary for planning their forthcoming depositions. Third, it provides a measure of flexibility that will allow the parties to negotiate the scope of later tranches, allowing the parties to prioritize the documents that Plaintiffs will later identify, based on the information uncovered in discovery, as the most important for their case.

Defendants would not agree to define the scope of Tranche 1 and would not agree to concrete meet-and-confer deadlines that would require the parties to define the scope of subsequent tranches. But specific benchmarks are essential to ensuring that the case schedule facilitates the production of the most important materials. The benchmarks below also account for the fact that to date—a month-and-a-half after Plaintiffs' discovery responses were due and despite the fact that Plaintiffs have presented Defendants with guidelines for production and prioritization, *see, e.g.*, Exhibit A—Plaintiffs have produced a total of 29 documents.

- **Document Production Tranche 1**
  - **July 31, 2026:** Deadline to produce Tranche 1, defined as materials responsive to Plaintiffs' discovery requests, limited to (1) materials in the custody of the six individuals identified in Exhibit A, section VIII, and (2) spreadsheets (a) pertaining to the review of DOE awards and (b) prepared between January 20, 2025, to present, as set forth in Exhibit A, section VII
- **Document Production Tranche 2**
  - **August 6, 2026:** Deadline for the parties to meet and confer to define scope of second tranche of responsive materials
  - **August 28, 2026:** Deadline to produce second tranche of responsive materials

- **Document Production Tranche 3**
  - **September 3, 2026:** Deadline for the parties to meet and confer to define scope of third tranche of responsive materials
  - **September 25, 2026:** Deadline to produce third tranche of responsive materials
- **September 30, 2026:** Deadline to respond to discovery requests previously stayed per the Court's Order on Discovery Dispute, ECF 78
- **Document Production Tranche 4**
  - **October 1, 2026**: Deadline for parties to meet and confer regarding any remaining outstanding documents to be produced
  - **October 23, 2026:** Deadline to complete production of all documents responsive to Plaintiffs' discovery requests
- **October 30, 2026:** Deadline to serve discovery requests
- **December 18, 2026:** Close of discovery
- **January 29, 2027:** Last day for plaintiffs to move for summary judgment
- **Four weeks after motion for summary judgment filing:** Defendants' cross-motion for summary judgment and opposition to motion for summary judgment due
- **Four weeks after Defendants' cross-motion for summary judgment and opposition:** Plaintiffs' opposition to cross-motion for summary judgment and reply due
- **Two weeks after Plaintiffs' cross-motion for summary judgment opposition:** Defendants' cross-motion for summary judgment reply due

## DEFENDANTS' SEPARATE STATEMENT AND PROPOSED SCHEDULE

As explained above, Defendants indicated in their responses and objections that they would confer on the scope of Plaintiffs' document requests, notwithstanding Defendants' objections that the requests are overbroad, disproportionate, and overly burdensome. Those requests include, for example, a request seeking every document related to any review of any DOE award at any point since January 20, 2026, for any reason, regardless of whether such review was related to the DOE

5

Memo or Portfolio Review Process.  Defendants appreciate Plaintiffs' identification of specific categories of documents they would like to be prioritized for production, But the schedule Plaintiffs propose is not limited to only those priority categories and requires the production of *all* documents responsive to total set of requests, notwithstanding Defendants' objections.

Further, Defendants have identified categories of documents responsive to Plaintiffs' requests that Defendants believe will satisfy fact discovery for the unstayed claims, in addition to Defendants' responses to Plaintiffs' other discovery requests.  Defendants estimate that it would take approximately six months to review and produce those categories of documents.  In addition, in light of the Court's order denying Defendants' transfer motion, additional time will be necessary for discovery on the unstayed claims.  Defendants informed Plaintiffs that their proposed schedule would necessarily limit the amount of documents Defendants are able to produce over the course of the discovery period as compared to Defendants' proposal. Defendants are, however, willing to agree to rolling deadlines for document productions, and are willing to continue to confer with Plaintiffs on prioritization of documents for production to enable them to take depositions while document review and productions remain ongoing.

For the foregoing reasons, Defendants respectfully request that the Court enter the proposed schedule:

| **Event** | **Proposed Date** |
| --- | --- |
| Defendants' first rolling production | July 31, 2026 |
| Defendants' second rolling production | September 11, 2026 |
| Defendants' supplemental responses and objections to the first set of discovery requests relating to the stayed claims | September 30, 2026 |
| Defendants' third rolling production | October 30, 2026 |
| Deadline to serve discovery requests | November 6, 2026 |

| Event | Proposed Date |
|---|---|
| Close of discovery | February 5, 2027 |
| Plaintiffs' Motion for Summary Judgment | March 5, 2027 |
| Defendants' Cross-Motion and Opposition | April 2, 2027 |
| Plaintiffs' Reply and Opposition | April 16, 2027 |
| Defendants' Reply | April 30, 2027 |

Joint Stipulation to Amend the Case Schedule
*California, et al. v. Wright, et al.* (3:26-cv-01417-RFL)

Dated: July 10, 2026

**ROB BONTA**
Attorney General of California

By: */s/ Christopher J. Kissel*
CHRISTOPHER J. KISSEL (SBN 333937)
RYAN EASON
KRISTI HUGHES
HARALD H. KIRN
Deputy Attorneys General
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General

*Attorneys for Plaintiffs State of California and California Governor's Office of Business and Economic Development*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Kaia Boonzaier*
KAIA BOONZAIER, CA SBN # 348123
CAITLIN M. SODEN, WSBA # 55457
LEAH A. BROWN, WSBA # 45803
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
kaia.boonzaier@atg.wa.gov
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

Respectfully submitted,

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Sarah H. Weiss*
SARAH A. KRAKOFF, CBA #27366
Deputy Solicitor General
CARRIE NOTEBOOM, CBA #52910
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
sarah.krakoff@coag.gov
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for Plaintiff State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
Paul Berks
Joanna Brinkman
Complex Litigation Counsel
Sherief Gaber
Jason E. James
Assistant Attorney General
Office of the Illinois Attorney General
115 S. Lasalle St.
Chicago, IL 60603
(773) 919-2923
Paul.Berks@ilag.gov

*Attorneys for Plaintiff State of Illinois*


**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: */s/ Vanessa A. Arslanian*
Vanessa A. Arslanian
*State Trial Counsel*
Julia Jonas-Day
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*


**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Attorneys for Plaintiff State of Maryland*


**JENNIFER L. DAVENPORT**
Attorney General of New Jersey

By: */s/ Jessica Palmer*
Jessica L. Palmer
 *Assistant Attorney General*
Yael Fisher
Elizabeth Van Winkle
 *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-2984
Jessica.Palmer@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

9

**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON
*Assistant Attorney General*
MICHAEL J. MYERS
*Senior Counsel*
KELSEA SUAREZ
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8481
matthew.eisenson@ag.ny.gov
michael.myers@ag.ny.gov
kelsea.suarez@ag.ny.gov

*Attorneys for Plaintiff State of New York*


**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Eshan Dabak*
Eshan Dabak (R.I. Bar No. 11103)
  Special Assistant Attorney General
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2041
edabak@riag.ri.gov


*Attorneys for Plaintiff State of Rhode Island*

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*


**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 878-3171
jonathan.rose@vermont.gov

*Attorney for Plaintiff State of Vermont*

10

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Aaron J. Bibb*
Aaron J. Bibb, Wisconsin State Bar No. 1104662
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director

*/s/ Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER
(Cal Bar No. 357429)
JOSHUA N. SCHOPF
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046 Email:
Elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*

Joint Stipulation to Amend the Case Schedule
*California, et al. v. Wright, et al.* (3:26-cv-01417-RFL)