# EXHIBIT A

**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CALIFORNIA 90013-1230
Public:  (213) 269-6000
Telephone:  (213) 269-6388
E-Mail:  Christopher.Kissel@doj.ca.gov

June 23, 2026

*Via email*

Elizabeth Brooke Layendecker
Joshua N. Schopf
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005

Re:      *California v. Wright*, Case No. 3:26-cv-01417-RFL (N.D. Cal.)

Dear counsel:

I write on behalf of Plaintiffs to follow-up on the parties' conferral held via VTC on Wednesday, June 17, 2026. As we discussed, Plaintiffs are concerned that Defendants have produced only a very limited number of documents in response to discovery requests that were served over two months ago. To the limited extent that Defendants have otherwise responded to Plaintiffs' first set of discovery requests, those responses are deficient in several respects.

Rather than detail all such deficiencies here, Plaintiffs will focus on practical ways to advance discovery. As you know, Plaintiffs intend to begin taking depositions soon, and we require and are entitled to information sufficient to stage our approach, including to identify individuals to depose first. Accordingly, the following discussion highlights certain documents and information that should be readily available for prompt production and/or which should be prioritized in Defendants' collection and production efforts. As previously previewed, Plaintiffs are more than willing—and indeed encourage—Defendants to promptly provide these items and information on an informal basis (e.g., via emailed PDFs or narrative summaries) to avoid further unnecessary delay. Defendants can follow up with formal, rolling productions as Defendants are able.

But unless and until Defendants provide the material that Plaintiffs are entitled to receive under the Federal Rules of Civil Procedure, as well as this Court's order from a month ago [ECF No. 84 (May 29, 2026)], Plaintiffs are unable to advance this litigation. Likewise, Defendants' disregard for its discovery obligations has left Plaintiffs with scant information on which to gauge the feasibility of the current discovery deadline, let alone any extension.

With this background in mind, Plaintiffs reviewed our discovery requests, as well as Defendants' limited responses, and have endeavored to identify discrete categories of materials that we now demand Plaintiffs' prioritize in their review and production. Our prioritization of these materials in no way narrows the scope of our prior requests, concedes any point as to the full discoverability of our original requests, or waives any right to the full discovery to which Plaintiffs are entitled.

Page 2

We expect Defendants to swiftly bring concerns to Plaintiffs' attention if the limited demands set forth below pose any problem. Additionally, Defendants must notify Plaintiffs immediately if they intend to withhold any item, either in full or in part, based on privilege or other objection, and must inform Defendants of the basis of that objection through a privilege log describing the information withheld, the specific privilege(s) asserted, and the basis for those assertions. Such responses should include sufficient information to bring issues to the Court for prompt resolution.

### I.      Documents and Information Related to Defendants' Production of June 22, 2026

Defendants' supplemental responses served on June 12, 2026, identified a number of specific documents. Defendants produced some of those documents on June 22, 2026.

First, and without foregoing any other request, we request that the following related groups of documents be produced in accordance with section IX of this letter:

1. "'Frequently Asked Questions on the Financial Implementation Guidance based on the February 7, 2025, Memo from Christopher Johns,' February 11, 2025; February 12, 2025; and February 14, 2025."
2. "All related FAQs or question and answer documents provided informally by the Office of the CFO"

Each of these documents are referenced as having been "rescinded" in the May 6, 2025, Christopher Johns Memo. (DOE AR 001174.) They can be provided informally.

Additionally, Plaintiffs seek all communications and documents (as those terms are defined in the Instructions to Plaintiffs First Set of Discovery Requests ("Instructions")) related to the documents Defendants produced on June 22, 2026, and for all similar documents produced going forward. Per standard ESI protocols, please also provide a list of custodians searched, search terms used, and any other date or other limitations imposed in the conduction of those searches. This information should be produced in accordance with the request contained in section IX below.

### II.     Information and Documents Associated with the April 2, 2025, Presentation Titled "Review of IIJA and IRA Financial Activities and Awards" (DOE AR 001162)

Although Defendants provided this PowerPoint presentation in DOE's Administrative Record and in their June 22, 2026, production, the production remains deficient. Plaintiffs demand supplementation with information sufficient to discover the presenter of this presentation; the recipients and attendees of this presentation; and all documents and communications (as defined in the Instructions) related to this presentation. Plaintiffs further request any drafts that may have been circulated and all documents and communications thereto.

Plaintiffs will accept an informal representation to the above inquiry to facilitate Defendants' prompt action, which Defendants can supplement formally later. Otherwise, this information and these materials should be produced in accordance with the request contained in section IX below.

### III.    Individuals Identified in Defendants' Responses and Initial Disclosures

Defendants previously declined to provide the Initial Disclosures required by Rule 26(a). Given the Court's May 29 ruling [ECF No. 84], Plaintiffs are entitled to those disclosures without delay.

Page 3

As part of that effort, Plaintiffs demand the following information for the period of January 20, 2025 through December 31, 2025, regarding persons named in Defendants' supplemental responses to Interrogatories 1, 6, 8, 11 (DOE) and Interrogatory 3 (OMB). This information should be produced in accordance with the request contained in section IX below.

1. Agency employer(s)
2. Title(s)
3. Current employer if known (if separated from federal employment, include date of separation)
4. Whether Defendants would object to deposition of each person, and if so, on what grounds

### IV.    Other Documents Identified by Plaintiffs

Plaintiffs also are concerned that a number of documents they have identified were not included in DOE's Administrative Record, nor was their existence disclosed in any of Defendants' discovery responses thus far. Plaintiffs demand production of the following documents, as well as any of their attachments, with reference to their production in other litigation[1] as follows:

1. April 4, 2025 John Powell Email Chain, including attachment titled "OCED ODGE Cost Eff. Template" [NRDC FOIA Docs. 2, 3, & 5]
2. May 8, 2025 Cathy Tripoldi Email, including two attachments titled "low hanging fruit" and "talkers 4" [NRDC FOIA Docs. 7]
3. May 14, 2025 David Taggart Email Chain, titled "Attention Secretary Policy PRP" [NRDC FOIA Doc. 8]
4. May 14, 2025 David Taggart Email Chain, titled "PRP Press Release" [NRDC FOIA Doc. 9]
5. May 14, 2025 David Taggart Email Chain, titled "Internal Comms Policy" [NRDC FOIA Doc. 11]
6. May 22, 2025 Alexander Glaubach Email, with attachment, titled "OCED projects review" [NRDC FOIA Doc. 15]
7. May 23, 2025 Taylor Playforth Email chain, about the PRP Charter [NRDC FOIA Doc. 12]
8. May 23,2025 Geoffrey Jervis Email titled "Edits from Morning Meeting" including attachment entitled "Rubric" [NRDC FOIA Doc. 13]
9. May 27, 2025 Adam Blake Email re: PRP chairman role [NRDC FOIA Doc. 14]
10. May 27, 2025 Taylor Playforth Email chain re: PRP Charter [NRDC FOIA Doc. 15]
11. May 27, 2025 Document titled "PRP Charter" [NRDC FOIA Doc. 16]
    a. This includes all documents and communications transmitting same, as those terms are defined in the Instructions.
12. May 28, 2025 Geoffrey Jervis Email re "PRP process follow-up" [NRDC FOIA Doc. 17]
13. May 28, 2025 Matthew Vaeth (OMB) Memo to All Heads of Departments & Agencies
14. May 28, 2025 Cathy Tripoldi Email Chain re: "Pre-Decisional and Deliberative FRP Committee" [NRDC FOIA Doc. 18]
15. May 29, 2025 Howard Dickenson Email to C. Tripoldi [NRDC FOIA Doc. 19]
16. May 31, 2025 D. Taggart Email re: PRP Committee Meeting [NRDC FOIA Doc. 20]

---

[1]    NRDC FOIA refers to 26-cv-00153 (S.D.N.Y.).

Page 4

17. (*Undated*) 14-page Data Request Template [NRDC FOIA Doc. 21]
18. (*Undated*) Meeting re: PRP [NRDC FOIA Docs. 23 & 24]

These materials should be produced in accordance with the request contained in section IX below.

### V.    Defendants' General Objections to Plaintiffs' Instructions and Definitions Regarding "Documents" and "Communications"

Defendants' objections to Plaintiffs' definitions of the above terms are form objections that purport to apply throughout. Plaintiffs require sufficient information to determine whether and to what extent Defendants are improperly withholding or refusing to search for categories of documents.

Plaintiffs demand a narrative description of the efforts that have been made to preserve and search the following categories of documents, all of which are part of standard Electronically Stored Information (ESI) protocol and which were covered in Plaintiffs' First Set of Discovery Requests:

- Emails
- Calendars
- Messaging Software (such as Teams and Signal)
- Phone Logs
- Text messages
- Direct messaging applications, whether on work devices or on personal devices used for official business.
  - Please describe the efforts counsel has taken to discover potential custodians' use of encrypted messaging apps, including but not limited to Signal, and any efforts to preserve those communications.

Plaintiffs consider this discovery time-sensitive and critical, and demand that Defendants prioritize its proper preservation, to the fullest extent possible, as well as transparent disclosure if any relevant, discoverable documents have been destroyed or not preserved. This information should be produced in accordance with the request contained in section IX below.

### VI.    Discovery as to DOGE Involvement

In Plaintiffs' First Set of Requests, Plaintiffs requested sufficient information to discover the participation of the Executive Office of the President ("EOP"), including but not limited to Defendant OMB. The Department of Government Efficiency ("DOGE") and its employees are contained within EOP. Several of the individuals and documents named above indicate DOGE involvement in the events described in the complaint. Please advise what efforts, if any, have been taken to search DOGE records for responsive documents. If any materials are not being searched or are being withheld in their entirety, we expect frank disclosure and the basis for doing so. This information should be produced in accordance with the request contained in section IX below.

### VII.    Spreadsheets

Plaintiffs are mindful of the large amount of discovery in this case. This is, however, a direct product of the sweeping nature of Defendants' actions and the number of awards implicated. To address that burden, Plaintiffs are willing, in the short term, to consider reviewing material related to a subset of awards. However, to make that selection, we request the prompt production of any

Page 5

and all spreadsheets (1) pertaining to the review of DOE awards and (2) prepared between January 20, 2025, to present, regardless of the agency that prepared them. Documents indicate that versions of such spreadsheets were created by individuals in DOE, DOGE, and OMB. Please produce these spreadsheets and any related communications <u>forthwith</u>.

## VIII.  Custodians

Although Plaintiffs still require the production of a large number of documents, we are currently considering the following individuals as early deponents. Please prioritize collection and production of these custodians' records and inform us promptly if any are causing burden that could be mitigated through party conferral.

- Christopher Johns (DOE)
- Cathy Tripodi (DOE)
- Geoffrey Jervis (DOE)
- Howard Dickenson (DOE)
- Carl Coe (DOE and DOGE)
- Stuart Levenbach (OMB)

## IX.  Timing

While Plaintiffs recognize and credit counsels' representations that searches and productions are underway, we remain concerned about Defendants' consistent inability to meet their discovery obligations. We have very little basis to estimate when Defendants' full production will start, much less when it will conclude. To evaluate our position prior to the deadline for discovery closure on July 7, 2026, we request a response for all of the above issues no later than Monday, June 29, 2026, which should include one firm date upon which each of these items will be satisfied, with the exception of the spreadsheets referenced in section VII, which we request be produced forthwith.

Sincerely,

Chris Kissel
Deputy Attorney General
*Counsel for Plaintiffs State of California and
California Governor's Office of Business and
Economic Development*

For    ROB BONTA
Attorney General of California

CC: Counsel for all other plaintiffs