# EXHIBIT B



**U.S. Department of Justice**

Civil Division

Tel: (202) 514-6304

*Washington, DC 20530*

June 29, 2026

<u>By Email</u>

Re:    *California v. Wright* , No. 3:26-cv-01417-RFL (N.D. Cal.)

Dear Counsel:

Please see our responses below to your June 23, 2026 letter.  For convenience, we reproduce the relevant portion of your letter in italics, immediately before our response.  Defendants maintain all objections expressed in our initial and supplemental discovery responses.

As an initial matter, Defendants appreciate Plaintiffs' specification of documents to be prioritized for document discovery in order to facilitate efficient resolution of the case.  While such prioritization is not required, it is nonetheless helpful in the parties' continued negotiations over the scope of document discovery.  In that spirit, Defendants will prioritize the production of documents as requested by the letter (subject to the objections asserted in discovery responses) as quickly as possible.  We hope that the parties can continue to confer productively on the scope of discovery, and that this effort leads to further progress in our discussions on reasonable limitations on the scope of the RFPs.

## I.    *Documents and Information Related to Defendants' Production of June 22, 2026*

*Defendants' supplemental responses served on June 12, 2026, identified a number of specific documents. Defendants produced some of those documents on June 22, 2026.*

*First, and without foregoing any other request, we request that the following related groups of documents be produced in accordance with section IX of this letter:*

1. *" 'Frequently Asked Questions on the Financial Implementation Guidance based on the  February 7, 2025, Memo from Christopher Johns,' February 11, 2025; February 12, 2025; and February 14, 2025."*
2. *"All related FAQs or question and answer documents provided informally by the Office of the CFO"*

*Each of these documents are referenced as having been "rescinded" in the May 6, 2025, Christopher Johns Memo. (DOE AR 001174.) They can be provided informally.*

*Additionally, Plaintiffs seek all communications and documents (as those terms are defined in the Instructions to Plaintiffs First Set of Discovery Requests ("Instructions")) related to the documents Defendants produced on June 22, 2026, and for all similar documents produced going forward. Per standard ESI protocols, please also provide a list of custodians searched, search terms used, and any other date or other limitations imposed in the conduction of those searches. This information should be produced in accordance with the request contained in section IX below.*

**RESPONSE:** Defendants can produce the documents listed by the end of the week (week of June 29).

As for the categorical request for "all communications and documents" please see our discovery response objections, including those on the basis of burden, overbreadth, and proportionality.

## II.    *Information and Documents Associated with the April 2, 2025, Presentation Titled "Review of IIJA and IRA Financial Activities and Awards" (DOE AR 001162)*

*Although Defendants provided this PowerPoint presentation in DOE's Administrative Record and in their June 22, 2026, production, the production remains deficient. Plaintiffs demand supplementation with information sufficient to discover the presenter of this presentation; the recipients and attendees of this presentation; and all documents and communications (as defined in the Instructions) related to this presentation. Plaintiffs further request any drafts that may have been circulated and all documents and communications thereto.*

*Plaintiffs will accept an informal representation to the above inquiry to facilitate Defendants' prompt action, which Defendants can supplement formally later. Otherwise, this information and these materials should be produced in accordance with the request contained in section IX below.*

**RESPONSE:** We are working to confirm but the presentation appears to contain content presented by Derek Passarelli, Director of DOE's Golden Field Office, during one of the regular meetings of the DOE "Financial Assistance Implementation Team." We understand these meetings are conducted virtually on a bi-weekly basis, and are typically attended by between 200-350 DOE personnel responsible for administering financial assistance awards.

Defendants can produce these documents within a week of the confirmation discussed above.

Regarding the request for "drafts" of the presentation, any draft versions are subject to the deliberative process privilege.

As for the categorical request for "all documents and communications," Defendants have inquired with involved staff regarding the nature of communications and documents associated with the presentation. Defendants are willing to produce, to the extent they exist, non-privileged documents that relate to the presentation based on

2

a reasonable search of records of the individuals who prepared and presented the presentation. Defendants cannot provide a specific time for production until the nature of these documents is known and will follow up with Plaintiffs when an estimate is available.

### III.   *Individuals Identified in Defendants' Responses and Initial Disclosures*

*Defendants previously declined to provide the Initial Disclosures required by Rule 26(a). Given the Court's May 29 ruling [ECF No. 84], Plaintiffs are entitled to those disclosures without delay.*

*As part of that effort, Plaintiffs demand the following information for the period of January 20, 2025 through December 31, 2025, regarding persons named in Defendants' supplemental responses to Interrogatories 1, 6, 8, 11 (DOE) and Interrogatory 3 (OMB). This information should be produced in accordance with the request contained in section IX below.*

1. *Agency employer(s) :*
   **RESPONSE:** We will provide this information by end of the week (week of June 29).

2. *Title(s):*
   **RESPONSE:** We will provide this information by the end of the week. (week of June 29).

3. *Current employer if known (if separated from federal employment, include date of separation):*
   **RESPONSE**: DOE does not maintain a system of records that identifies a separated employee's new employer and therefore cannot provide this information.

4. Whether Defendants would object to deposition of each person, and if so, on what grounds

   **RESPONSE:** This request is premature, and Defendants do not yet have a position.

### IV.  *Other Documents Identified by Plaintiffs*

*Plaintiffs also are concerned that a number of documents they have identified were not included in DOE's Administrative Record, nor was their existence disclosed in any of Defendants' discovery responses thus far. Plaintiffs demand production of the following documents, as well as any of their attachments, with reference to their production in other litigation[1] as follows:*

1. *April 4, 2025 John Powell Email Chain, including attachment titled "OCED ODGE Cost Eff. Template" [NRDC FOIA Docs. 2, 3, & 5]*
2. *May 8, 2025 Cathy Tripoldi Email, including two attachments titled "low hanging fruit" and "talkers 4" [NRDC FOIA Docs. 7]*
3. *May 14, 2025 David Taggart Email Chain, titled "Attention Secretary Policy PRP" [NRDC FOIA Doc. 8]*
4. *May 14, 2025 David Taggart Email Chain, titled "PRP Press Release" [NRDC FOIA Doc. 9]*

3

5. *May 14, 2025 David Taggart Email Chain, titled "Internal Comms Policy" [NRDC FOIA Doc. 11]*
6. *May 22, 2025 Alexander Glaubach Email, with attachment, titled "OCED projects review"*
   *[NRDC FOIA Doc. 15]*
7. *May 23, 2025 Taylor Playforth Email chain, about the PRP Charter [NRDC FOIA Doc. 12]*
8. *May 23,2025 Geoffrey Jervis Email titled "Edits from Morning Meeting" including attachment entitled "Rubric" [NRDC FOIA Doc. 13]*
9. *May 27, 2025 Adam Blake Email re: PRP chairman role [NRDC FOIA Doc. 14]*
10. *May 27, 2025 Taylor Playforth Email chain re: PRP Charter [NRDC FOIA Doc. 15]*
11. *May 27, 2025 Document titled "PRP Charter" [NRDC FOIA Doc. 16]*
    a. *This includes all documents and communications transmitting same, as those terms are defined in the Instructions.*
12. *May 28, 2025 Geoffrey Jervis Email re "PRP process follow-up" [NRDC FOIA Doc. 17]*
13. *May 28, 2025 Matthew Vaeth (OMB) Memo to All Heads of Departments & Agencies*
14. *May 28, 2025 Cathy Tripoldi Email Chain re: "Pre-Decisional and Deliberative FRP*
    *Committee" [NRDC FOIA Doc. 18]*
15. *May 29, 2025 Howard Dickenson Email to C. Tripoldi [NRDC FOIA Doc. 19]*
16. *May 31, 2025 D. Taggart Email re: PRP Committee Meeting [NRDC FOIA Doc. 20]*
17. *(Undated) 14-page Data Request Template [NRDC FOIA Doc. 21]*
18. *(Undated) Meeting re: PRP [NRDC FOIA Docs. 23 & 24]*

*These materials should be produced in accordance with the request contained in section IX below.*

**RESPONSE:** Defendants can produce the documents as produced in the NRDC FOIA production by the end of the week (week of June 29).

## V. *Defendants' General Objections to Plaintiffs' Instructions and Definitions Regarding "Documents" and "Communications"*

*Defendants' objections to Plaintiffs' definitions of the above terms are form objections that purport to apply throughout. Plaintiffs require sufficient information to determine whether and to what extent Defendants are improperly withholding or refusing to search for categories of documents.*

*Plaintiffs demand a narrative description of the efforts that have been made to preserve and search the following categories of documents, all of which are part of standard Electronically Stored Information (ESI) protocol and which were covered in Plaintiffs' First Set of Discovery Requests:*

- *Emails*
- *Calendars*
- *Messaging Software (such as Teams and Signal)*
- *Phone Logs*
- *Text messages*
- *Direct messaging applications, whether on work devices or on personal*

4

*devices used for official business.*

> o *Please describe the efforts counsel has taken to discover potential custodians' use of encrypted messaging apps, including but not limited to Signal, and any efforts to preserve those communications.*

*Plaintiffs consider this discovery <u>time-sensitive and critical</u>, and demand that Defendants prioritize its proper preservation, to the fullest extent possible, as well as transparent disclosure if any relevant, discoverable documents have been destroyed or not preserved. This information should be produced in accordance with the request contained in section IX below.*

**RESPONSE:** This request appears to be an untimely served interrogatory not formally presented as such. For information about the extent of Defendants' search and collection efforts, please see the proposed joined draft motion to extend the discovery period.

With respect to the specific request made during conferral on June 24, 2026, regarding the production of all calendars of all individuals named in Defendants' interrogatory responses, such a request exceeds the scope of the RFPs served. Nonetheless, and without waiving any objections, Defendants are investigating the feasibility and burden of such a production and are willing to continue to confer on the request in the interest of reaching further compromises on the scope of document discovery.

## VI. *Discovery as to DOGE Involvement*

*In Plaintiffs' First Set of Requests, Plaintiffs requested sufficient information to discover the participation of the Executive Office of the President ("EOP"), including but not limited to Defendant OMB. The Department of Government Efficiency ("DOGE") and its employees are contained within EOP. Several of the individuals and documents named above indicate DOGE involvement in the events described in the complaint. Please advise what efforts, if any, have been taken to search DOGE records for responsive documents. If any materials are not being searched or are being withheld in their entirety, we expect frank disclosure and the basis for doing so. This information should be produced in accordance with the request contained in section IX below.*

**RESPONSE:** Defendant agencies are searching for and collecting records in their own custody. Neither DOGE[1] nor the Executive of the President (EOP) are named as Defendants in this lawsuit. Although both OMB and the U.S. DOGE Service are components of the EOP, they are organizationally separate, and U.S. DOGE Service records are not in OMB's custody or possession. Defendants will produce relevant DOGE records, if any, that appear in the relevant custodial searches, subject to all privileges and objections.

---

[1] There currently is no "Department of Government Efficiency." What Plaintiffs refer to as DOGE is the U.S. DOGE Service, formerly named the United States Digital Service.

### VII.  *Spreadsheets*

*Plaintiffs are mindful of the large amount of discovery in this case. This is, however, a direct product of the sweeping nature of Defendants' actions and the number of awards implicated. To address that burden, Plaintiffs are willing, in the short term, to consider reviewing material related to a subset of awards. However, to make that selection, we request the prompt production of any and all spreadsheets (1) pertaining to the review of DOE awards and (2) prepared between January 20, 2025, to present, regardless of the agency that prepared them. Documents indicate that versions of such spreadsheets were created by individuals in DOE, DOGE, and OMB. Please produce these spreadsheets and any related communications forthwith.*

**RESPONSE:** Defendants' employees have created many thousands of spreadsheets. These spreadsheets contain anywhere from a few to multiple thousands of financial awards; they may also contain interlocutory and predecisional recommendations of DOE staff that are subject to the deliberative process privilege.  Confidential business information or other sensitive non-public information may also be present in these spreadsheets.  It would create  an undue burden for Defendants to search for, review for privilege, and produce non-privileged portions of thousands of such spreadsheets created since January 20, 2025.

To reduce this significant burden, Defendants propose producing  one or more documents from each program office that participated in PRP.  This approach would capture the final program office determinations resulting from the Portfolio Review Process.  These documents may or may not be spreadsheets (although Defendants expect at least some of them would be in the form of a spreadsheet or list).  That collection and review process would take approximately one month.

### VIII.  *Custodians*

*Although Plaintiffs still require the production of a large number of documents, we are currently considering the following individuals as early deponents. Please prioritize collection and production of these custodians' records and inform us promptly if any are causing burden that could be mitigated through party conferral.*

- *Christopher Johns (DOE)*
- *Cathy Tripodi (DOE)*
- *Geoffrey Jervis (DOE)*
- *Howard Dickenson (DOE)*
- *Carl Coe (DOE and DOGE)*
- *Stuart Levenbach (OMB)*

**RESPONSE**: Defendants will attempt to prioritize review of documents from these custodians and produce records from such custodians to the extent they are responsive to requests for which Defendants have indicated they will produce documents.

As for Plaintiffs' general concerns on withheld documents, Defendants will produce a privilege log for any privileged documents in the ordinary course and prior to the close of discovery.  Defendants may seek further conferrals about the form and scope of the privilege log and will address such issues with Plaintiffs.

Sincerely,

s/ Joshua N. Schopf
Joshua N. Schopf
Trial Attorney
Federal Programs Branch
U.S. Department of Justice
joshua.n.schopf@usdoj.gov