BRETT A. SHUMATE
Assistant Attorney General
Civil Division
ERIC J. HAMILTON
Deputy Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
ELIZABETH B. LAYENDECKER (Cal Bar No. 357429)
JOSHUA N. SCHOPF
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Email: Elizabeth.B.Layendecker@usdoj.gov

*Attorneys for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.,* | ) |
| Plaintiffs, | ) Case No. 3:26-cv-1417-RFL |
| v. | ) Judge: Hon. Rita F. Lin |
| CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.,* | ) Magistrate Judge: Hon. Kandis Westmore |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF PARTIAL COMPLIANCE**
**WITH SCHEDULING ORDER (ECF NO. 107)**

Defendants U.S. Department of Energy ("Energy"), Christopher Wright, in his official

capacity as Secretary of Energy, the Office of Management and Budget ("OMB"), and Russell

Vought, in his official capacity as Director of OMB (collectively, "Defendants"), submit this

notice to update the Court on their efforts to comply with the Court's July 13, 2026 Scheduling Order (ECF No. 107), and to inform the Court that, consistent with Magistrate Judge Westmore's Standing Order,[1] Defendants plan to submit either a stipulation or a joint letter brief no later than Thursday, August 6, 2026, seeking to amend the current discovery schedule.

The Scheduling Order requires Defendants, by July 31, 2026, to produce: (1) all responsive documents from the custodial files of five Energy employees and one OMB employee; and (2) spreadsheets from Energy program offices involved in the "Portfolio Review Process," plus a random sample of 25 additional spreadsheets related to Energy award reviews from January 20, 2025 to the present.

Defendants produced the Energy spreadsheets earlier today, July 31, 2026. Defendants are unable, however, to meet the deadline to produce responsive, non-privileged documents from the six custodians as ordered.

Since the Court ruled on the scope of discovery, Defendants have worked in good faith to collect documents responsive to Plaintiffs' April 22, 2026 discovery requests, applying search terms, date ranges, and custodians most likely to have responsive materials. Defendants shared these efforts with Plaintiffs' counsel on July 3, 2026 and July 6, 2026. These searches yielded approximately 105,000 documents total across Energy and OMB custodians, including over 25,000 documents from the six priority custodians. As of the date of the scheduling order, July 13, 2026, the documents from the search results had not been processed into the Department of Justice (DOJ)'s document review platform, Relativity. Due to technical issues with transferring the documents to DOJ and processing them into Relativity, Defendants were not able to begin

---

[1] On July 14, 2026, Judge Lin referred this case "for all discovery purposes" to Magistrate Judge Westmore, *see* ECF No. 108, so Defendants submit this notice to Magistrate Judge Westmore.

reviewing documents until Friday, July 24, 2026.

In the meantime, Defendants worked to expand their capacity to review and produce documents given the volume and deadline. DOJ determined that the existing litigation team and the Federal Programs Branch did not have sufficient capacity to complete the very large document review within the time ordered by the Court. Accordingly, DOJ is reassigning the case to a trial team in the Commercial Litigation Branch with experience managing large eDiscovery matters. The new team has been learning the case, while the existing team worked in good faith toward the July 31 deadline.

Energy sought to hire pre-approved document review contractors, but the only firm expressing availability could not take on the review project due to conflicts. Defendants also identified agency personnel who could assist with the review part time under attorney supervision, but those non-DOJ personnel require security reviews before gaining access to DOJ systems, including the document review software. DOJ expeditiously conducted security reviews, but as of July 27, only one reviewer was able to access Relativity and to begin review; several other reviewers were cleared in the following days and more are working through the clearance queue. OMB personnel began reviewing documents for responsiveness and privilege using OMB systems, but the results must be transferred to Relativity to allow for DOJ review.

On July 29, 2026, Defendants informed Plaintiffs that spreadsheets were on track for production by July 31, but that responsive, non-privileged documents for the six custodians could not be produced by that date. Defendants also introduced the expanded DOJ litigation team and requested a July 30 meeting to discuss the status and Defendants' plan for producing all responsive, non-privileged documents by the final October 23, 2026 production deadline.

On July 30, 2026, the parties met, and Defendants presented a modified work plan aimed

at completing production by the final deadline. Defendants explained that it was not possible to complete the review of more than 25,000 priority-custodian documents by July 31 and, based on existing resources, it is almost certainly not possible to conduct a document-by-document review of the full 105,000-document universe by October 23. Defendants proposed to Plaintiffs that using Continuous Active Learning ("CAL") in lieu of proceeding document by document would be the most efficient and accurate method for identifying responsive documents within the 105,000-document universe. Defendants explained that using CAL would make it feasible to meet the Court's October 23 final production deadline, but that the interim deadlines would need to be modified to enable CAL's deployment.

Later that evening, Defendants provided Plaintiffs with additional information about CAL, a draft Stipulation to Amend the Schedule, and a draft Stipulated Protective Order. Plaintiffs responded on July 31, 2026, indicating they are evaluating Defendants' proposal to use CAL to review the full document universe.

Defendants intend to work with Plaintiffs in the coming days on a new, feasible schedule that permits rolling productions—beginning with documents from the six priority custodians—while still enabling Defendants to meet the October 23, 2026 final production deadline. If the parties cannot reach agreement, Defendants anticipate filing a joint letter brief no later than Thursday, August 6, 2026, consistent with Magistrate Judge Westmore's Standing Order. In the interim, Defendants will continue their efforts to garner additional document review resources and to move the document review forward.

DATED: July 31, 2026                                  Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

JOSEPH E. BORSON
Assistant Branch Director


*/s/ Elizabeth B. Layendecker*

ELIZABETH B. LAYENDECKER
(Cal Bar No. 357429)
JOSHUA N. SCHOPF
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 616-5046
Email: Elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*