IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA**, et al., | Case No.: 3:26-cv-01417-RFL |
| Plaintiffs, | **JOINT LETTER BRIEF** |
| **v.** | Judge: The Honorable Rita F. Lin |
| **CHRISTOPHER WRIGHT**, et al., | |
| Defendants. | |

Undersigned counsel attest that the parties met by video conference on July 30, 2026 prior to filing the attached letter and have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery prior to filing the joint letter.

*/s/ Christopher J. Kissel*
Christopher J. Kissel
*Counsel for Plaintiffs State of California and California Governor's Office of Business and Economic Development*
*Authorized to Sign on Behalf of All Plaintiffs*

*/s/ Bethany R. Theriot*
Bethany R. Theriot
Trial Attorney
*Counsel for Defendants*

August 6, 2026

**VIA ECF**

Magistrate Judge Kandis A. Westmore
U.S. District Court for the Northern District of California
1301 Clay Street
Oakland, CA 94612

**Re:**    ***California, et al., v. Christopher Wright, et al.*, Case No. 26-cv-01417-RFL**

Dear Judge Westmore,

The parties respectfully submit this joint letter requesting resolution of their dispute regarding the Court's scheduling order, ECF 107.

**I.    Joint Statement of Pertinent Background Facts**

Pertinent facts prior to July 10, 2026, are set forth in the parties' Stipulation to Amend the Case Schedule and Parties' Separate Statements, at 2–3. ECF 106. In that filing, the parties submitted separate proposals to amend the case schedule. *Id.* In Defendants' proposal, they informed the Court that they could review and produce documents to satisfy discovery into the non-stayed claims over six months and on a rolling basis in between. *Id.* On July 13, 2026, the Court ordered Defendants to produce by July 31, 2026, materials responsive to Plaintiffs' RFPs, limited to six individuals as well as "for each program office that participated in the Portfolio Review Process, the most current version, the version that was most current as of the filing of the complaint, and a random sampling of at least 25 other spreadsheets (a) pertaining to the review of DOE awards and (b) prepared between January 20, 2025, to present," rather than all spreadsheets. ECF 107. The Court also set October 23, 2026 as the deadline to complete document production and December 18, 2026 as the end of discovery. *Id.* In addition, the Court set interim deadlines for rolling production and ordered the parties to meet one week after each interim production, then subsequent productions three weeks after the meetings. *Id.*

On July 29, 2026, Defendants informed Plaintiffs they would not be able to produce responsive documents for the six identified custodians by July 31, as required by the July 13 order, but expected to produce spreadsheets. Defendants introduced the new trial team taking over the case and asked to meet the next day to discuss the status and Defendants' proposal to produce all responsive non-privileged documents. On July 30, 2026, the parties met, and Defendants presented a modified plan for completing production by October 23, 2026. Defendants explained that they could not review the over-25,000 documents from the priority custodians for responsiveness and privilege by July 31, nor with multi-week extensions. Defendants proposed using a form of technology-assisted review called Continuing Active Learning (CAL) to allow faster identification of responsive documents. Defendants explained that they believe deploying CAL is the only approach that enables a potentially complete production by October 2026, but it does not allow prioritization of custodians or documents before the model is trained and is not effective if the scope of responsiveness is changed later. That evening, Defendants sent Plaintiffs a proposed stipulation to eliminate interim deadlines, more information about CAL, and a proposed protective order.

On July 31, 2026, Plaintiffs informed Defendants that they could not agree to the proposed stipulation because of the apparent absence of any review of documents in the custody of the six

1

identified individuals and Defendants' failure to communicate their inability to comply and the reasons for non-compliance prior to two days before the deadline. Plaintiffs stated they were willing to work with Defendants on a plan for timely and complete production and would evaluate CAL but could not agree to a plan not tailored to allow timely production as necessary to stage depositions in the near future. The same day, Defendants produced spreadsheets from DOE offices involved in the PRP, plus a sample of 25 spreadsheets related to DOE award reviews from January 20, 2025, to the present. Defendants also clarified that review had begun.

On July 31, 2026, Defendants filed a notice of their partial compliance with the scheduling order. ECF 112 at 2. Defendants did not produce documents from the six priority custodians. *Id.* Since the Court ruled on the scope of discovery, Defendants had worked to collect documents responsive to Plaintiffs' April 22, 2026, RFPs, and their searches yielded around 105,000 documents across DOE and OMB custodians, including over 25,000 documents from the six priority custodians. *Id.* at 2-3. Defendants explained that logistical and technical issues prevented Defendants from beginning review until July 24, 2026, and that Defendants had been working to expand their capacity to review and produce documents given the volume and deadline. *Id.* at 3-4. Finally, they described their onboarding of agency personnel to assist with the review and efforts to hire additional document review attorneys. *Id.*

This week, starting August 3, 2026, the parties conferred further. Plaintiffs maintained that documents must be produced according to the Court's order, in timely fashion and in priority tranches, to allow for deposition preparation. Defendants explained that the 25,000 documents for priority custodians had been de-duplicated and remaining documents would be de-duplicated once loaded on the review platform. Defendants proposed using CAL on the priority custodians first to allow for production in tranches, requested that Plaintiffs provide their preferred approach, and requested opportunity to meet and confer. On August 4, 2026, Plaintiffs responded that "priority production along the lines the Court ordered is necessary, and that the proper time to negotiate an alternative schedule was in early July, before the Court entered the operative scheduling order," that Defendants' "proposal departs significantly from what is required by the scheduling order," and "the most appropriate way forward is to present these issues to the Court." Plaintiffs explained that additional conferrals would be futile. Defendants responded on August 5, 2026, that they continue to be available to confer to narrow the dispute before filing a letter brief. Plaintiffs again declined to confer, explaining that they would not negotiate a new scheduling order while the July 13 order is in place and Defendants had not sought relief.

## II.     Defendants' Position

### A.     Defendants' Statement of the Unresolved Dispute

Defendants respectfully request relief from the scheduling order's interim conferral and document production deadlines to allow the use of CAL in an effort to meet the final October 23 production deadline. As described above, Defendants' document collection in response to Plaintiffs' RFPs yielded around 105,000 documents across DOE and OMB custodians, including over 25,000 documents from the six priority custodians. Despite best efforts to mobilize a document review following entry of Judge Lin's July 13 order, Defendants regrettably were not able to comply with the July 31 deadline to produce responsive, non-privileged documents from the six priority custodians. Recognizing a new approach would be needed to review the full document universe in compliance with Judge Lin's October 23 deadline for final production, Defendants reached out to Plaintiffs before July 31 to propose a path to comply with the overall timeline for document production: CAL. Defendants understand that they are required to meet-

2

and-confer with Plaintiffs and file a joint letter with the Court to seek relief for discovery-related matters under the Court's Standing Order for Civil Cases ¶¶ 13–14. Therefore, instead of unilaterally filing a motion to extend the July 31 deadline and revise the scheduling order, Defendants filed a notice with the Court on July 31 informing the Court that they were not able to meet the production deadline and had initiated the meet-and-confer process. ECF 112.

Good cause exists for Defendants' requested revision of the interim deadlines. Courts regularly extend deadlines by more than three months under similar circumstances. In *Horn v. Kraft Heinz Foods Co.*, the court extended discovery deadline by five months to permit plaintiffs to review 25,000 documents. 2023 WL 1070479, at *3 (E.D. Cal. Jan. 27, 2023). In *Kamin Health LLC v. 4D Global LLC*, the court noted that the court had previously modified the discovery deadline to grant over five months to review "over 55,000 pages" (not documents). 2026 WL 1663947 at *1 (D. Ariz. May 15, 2026). In *Kinetic Concepts, Inc. v. Convatec Inc.*, the court had "no difficulty" finding that extending discovery by four months was appropriate where the initial schedule provided only three months for discovery and the parties produced "thousands of documents." 2010 WL 1418312, at *3-4 (M.D.N.C. Apr. 2, 2010). Here, Defendants have significantly more documents to review in significantly less time.

Defendants' proposed use of CAL is reasonable. "Predictive coding has emerged as a far more accurate means of producing responsive ESI in discovery. Studies show it is far more accurate than human review or keyword searches which have their own limitations." *Progressive Cas. Ins. Co. v. Delaney*, 2014 WL 3563467, at *7 (D. Nev. July 18, 2014); *see also Youngevity Int'l Corp. v. Smith*, 2019 WL 1542300 (S.D. Cal. 2019) (same). Courts regularly find that using technology-assisted review is "ordinary," "reasonable," and encourage its use. *See, e.g., Kim v. Cushman & Wakefield U.S., Inc.*, 2026 WL 1353455, at *2 (C.D. Cal. Apr. 24, 2026); *Garner v. Amazon.com, Inc.*, 2023 WL 3568055, at *1 (W.D. Wash. May 19, 2023); *Bliss v. CoreCivic, Inc.*, 2021 WL 930692, at *1 (D. Nev. Feb. 9, 2021).

And CAL is necessary to comply with the final production deadline. Where, as here, review includes "numerous lengthy presentations" and reviewers are coding for not only responsiveness, but also confidentiality and privilege, "a 26-document-per-hour rate is not unreasonable." *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100, 2020 WL 6343292, at *4 (D. Kan. Oct. 29, 2020). At a rate of 26 documents per hour, it would take roughly 4,038 hours to complete document review. In other words, if attorneys began document review the day the scheduling order was entered (which was not possible because documents were not uploaded for review since the parties had their disputes over review and production before the Court), it would have taken 7 attorneys reviewing documents 40 hours per week for 14 weeks to hit the October 23 discovery deadline. Defendants are securing full-time contract attorneys, but it will still take about 4-to-6 weeks to hire and clear those attorneys. In the meantime, Defendants are devoting available resources to review. If permitted, Defendants currently foresee using CAL to identify the full responsive universe in the coming weeks and the contract attorneys will complete the privilege review.

### B.    Defendants' Final Substantive Position and Proposed Compromise

Defendants respectfully request that the Court amend the scheduling order to allow Defendants to use CAL and prioritize the privilege review of plaintiffs' six requested custodians' documents after the CAL responsiveness review is complete. The parties have not conferred about Plaintiffs' new proposal of producing 3,000 documents in three weeks, and the proposal is arbitrary as Defendants do not know how many documents they would need to review to yield 3,000 responsive non-privileged documents. The 3,000-document-production would also prevent

3

Defendants from commencing efficient review that could meet the final October 23 deadline. Defendants thus respectfully request that the Court amend the scheduling order as follows:  (1) The parties' interim conferral deadlines (August 6, September 3, October 1) and Defendants' interim production deadlines (July 31, August 28, September 25) are hereby removed; (2) Defendants are permitted to use CAL to review the documents collected in this case; (3) Defendants must make rolling productions of documents from the six priority custodians following the CAL review process; and (4) all other deadlines are unchanged.

Defendants disagree with Plaintiffs' characterization of their inability to fully meet the production deadlines. Defendants recognized they could not meet the deadlines, added resources, devised a plan to substantially comply, and are seeking relief to implement the plan. Defendants believe status reports are unnecessary, but do not oppose them if the Court so orders.

### III.    Plaintiffs' Position

#### A.    Plaintiffs' Statement of the Unresolved Dispute

As a threshold matter, Plaintiffs believe that the nature of Defendants' violation of Judge Lin's scheduling order, which is their overt non-compliance with the order's explicit deadline for production, warrants referring the matter directly to Judge Lin for consideration. But Plaintiffs defer to your Honor's judgment on whether to keep the matter or refer it to Judge Lin.

Before the Court considers Defendants' proposal to amend the scheduling order, Plaintiffs respectfully ask that the Court first recognize that Defendants have *violated a court order*. The July 13 order requires two specific tranches of production on July 31. It was entered after a nearly two-week period where the parties tried to negotiate a schedule. Those negotiations were not successful. Defendants could not agree to a schedule that would allow priority production of specific subsets of documents. Plaintiffs insisted because of the need to prevent a scenario where only a small number of documents are produced before the end of the discovery period. That is important for at least three reasons. First, if Defendants rely on deliberative-process or other objections, as they have indicated, litigation on those objections cannot wait until the close of discovery. Second, Plaintiffs intend to stage depositions during the discovery period and require significant documents to aid them, such as those in the custody of the six individuals. Third, Plaintiffs seek to ensure that Defendants will actually produce documents according to the Court's orders—an appropriate concern given Defendants' lack of diligence.

Despite Defendants' purported inability to comply with the July 13 order, they have not sought relief from it. Instead, they first asked Plaintiffs, and now the Court, to nullify the order in favor of a new plan requiring them only to comply with the final production deadline. That proposal is not acceptable for the reasons stated above. More importantly, however, now is not the time to negotiate a new scheduling order—an order that includes not only discovery deadlines but also deadlines for the parties' summary judgment briefing. The Court should first have the opportunity to consider whether Defendants are to be excused from their *current* obligations under the operative order. They should not. The July 13 order provided Defendants a way to avoid a violation. It states that if "Defendants are concerned that it would be unduly burdensome to produce the documents sought within the time frame proposed, and the parties are unable to resolve the impasse, that issue may be addressed through discovery motions." ECF 107. Yet Defendants did not attempt to "resolve the impasse"— they only reached out to Plaintiffs two days before the July 31 deadline, and only to inform Plaintiffs that they could not comply with one of the order's two July 31 deadlines. Nor did Defendants bring this issue to the Court.

Compounding matters, Defendants admit they did not review any documents responsive to Plaintiffs' RFPs prior to July 24, 2026—two weeks ago and one week before the July 31 deadline. (Indeed, Defendants admit they are unaware today how many of the 105,000 potentially responsive documents are duplicates.) Defendants' delay is remarkable. Plaintiffs served the RFPs in April. The Court clarified in May that the scope of non-stayed discovery includes the bulk of Plaintiffs' RFPs. And the parties conferred with respect to Defendants' concerns throughout June. Yet Defendants' efforts to review documents did not begin until just the last few weeks, after the July 13 order was entered. Plaintiffs understand that compliance may take substantial effort. And Plaintiffs are not opposed in concept to the use of CAL or other means of compliance if they do not result in diminished production. But that burden does not relieve Defendants from a court order, nor does it explain why their efforts still have not even meaningfully started. If anything, the burden makes Defendants' multi-month delay *less* excusable. *See Perdomo v. Mullin*, No. 25-cv-5605, 2026 WL 2251571, at *6 (C.D. Cal. July 28, 2026).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Indeed, the Federal Rules of Civil Procedure contemplate sanctions when such orders are disregarded. Under Rule 16, "the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C); *see also* Fed. R. Civ. P. 16(f) advisory cmt. note (describing "the rule's intention to encourage forceful judicial management"). Under Rule 37, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders"—up to and including dispositive orders and contempt sanctions. Fed. R. Civ. P. 37(b)(2)(A). Such provisions indicate judicial enforcement of the July 13 order is appropriate. "Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610.

### B.    Plaintiffs' Final Substantive Position

Plaintiffs respectfully request that the Court declare Defendants in violation of the July 13 order and order any further relief deemed proper. Plaintiffs also respectfully request that the Court continue all deadlines in the July 13 order by three weeks to account for the current delay. Once such an order has been issued, Plaintiffs commit to moving forward with Defendants constructively to ensure that document production can proceed in a timely and complete fashion.

Accordingly, Plaintiffs also respectfully request that, after an order is entered declaring Defendants in violation of the July 13 order, and in view of Defendants' previous non-compliance, Defendants be required to

(1) Submit a weekly report to the Court through the close of discovery detailing their progress in reviewing documents responsive to Plaintiffs' RFPs, including the number of documents reviewed, their custodians, and their general subject matter; and

(2) Produce a tranche of at least 3,000 documents by August 28, 2026, the scope of which shall be defined by agreement between the parties, to facilitate staging of Plaintiffs' depositions and ensure Defendants' commitment to producing documents in accordance with discovery obligations and the Court's orders.

Plaintiffs do not waive any later request for relief related to Defendants' violation of the Court's orders, including a request that sanctions be imposed.

Sincerely,

**ROB BONTA**
Attorney General of California

By: */s/ Christopher J. Kissel*
CHRISTOPHER J. KISSEL (SBN 333937)
RYAN EASON
KRISTI HUGHES
HARALD H. KIRN
ZELDA VASSAR
Deputy Attorneys General
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General

*Attorneys for Plaintiffs State of California and
California Governor's Office of Business and
Economic Development*


**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Kaia Boonzaier*
KAIA BOONZAIER, CA SBN # 348123
CAITLIN M. SODEN, WSBA # 55457
LEAH A. BROWN, WSBA # 45803
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
kaia.boonzaier@atg.wa.gov
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for Plaintiff State of Washington*


**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Sarah H. Weiss*
SARAH A. KRAKOFF, CBA #27366
Deputy Solicitor General
CARRIE NOTEBOOM, CBA #52910
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
sarah.krakoff@coag.gov
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for Plaintiff State of Colorado*


**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Attorneys for Plaintiff State of Connecticut*

6

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
Paul Berks
Joanna Brinkman
Complex Litigation Counsel
Sherief Gaber
Jason E. James
Assistant Attorney General
Office of the Illinois Attorney General
115 S. Lasalle St.
Chicago, IL 60603
(773) 919-2923
Paul.Berks@ilag.gov

*Attorneys for Plaintiff State of Illinois*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Attorneys for Plaintiff State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: */s/ Vanessa A. Arslanian*
Vanessa A. Arslanian
*State Trial Counsel*
Julia Jonas-Day
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

**JENNIFER L. DAVENPORT**
Attorney General of New Jersey

By: */s/ Jessica Palmer*
Jessica L. Palmer
 *Assistant Attorney General*
Yael Fisher
Elizabeth Van Winkle
 *Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-2984
Jessica.Palmer@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

7

**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON
*Assistant Attorney General*
MICHAEL J. MYERS
*Senior Counsel*
KELSEA SUAREZ
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8481
matthew.eisenson@ag.ny.gov
michael.myers@ag.ny.gov
kelsea.suarez@ag.ny.gov

*Attorneys for Plaintiff State of New York*


**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Nicholas M. Vaz*
NICHOLAS M. VAZ
 Assistant Attorney General
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2297
nvaz@riag.ri.gov


*Attorneys for Plaintiff State of Rhode Island*

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*


**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 878-3171
jonathan.rose@vermont.gov


*Attorney for Plaintiff State of Vermont*

8

**JOSHUA L. KAUL**
Attorney General of Wisconsin


By: */s/ Aaron J. Bibb*
Aaron J. Bibb, Wisconsin State Bar No. 1104662
Assistant Attorney General
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*



BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MARC S. SACKS
Deputy Director

KEVIN P. VanLANDINGHAM
Assistant Director

*/s/ Bethany R. Theriot*
BETHANY R. THERIOT (D.C. Bar 1022065)
TIFFINEY F. CARNEY
Trial Attorneys
U.S. Department of Justice
Civil Division
Corporate/Financial Litigation Section
P.O. Box 875
Ben Franklin Stations
Washington D.C. 20044-0875
Tel: (202) 307-0244
Email: bethany.theriot@usdoj.gov

*Attorneys for the Defendants*

9