ROB BONTA
Attorney General of California
TODD GRABARSKY
R. MATTHEW WISE
Supervising Deputy Attorneys General
RYAN EASON
KRISTI HUGHES
HARALD H. KIRN
ZELDA VASSAR
DERIN MCLEOD
CHRISTOPHER J. KISSEL
Deputy Attorneys General
State Bar No. 333937
300 South Spring Street, Suite 1702
Los Angeles, CA 90013-1230
Telephone: (213) 269-6388
E-mail: Christopher.Kissel@doj.ca.gov

*Attorneys for State of California and California Governor's Office of Business and Economic Development*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **STATE OF CALIFORNIA**, et al.,<br><br>Plaintiff,<br><br>**v.**<br><br>**CHRISTOPHER WRIGHT**, et al.,<br><br>Defendants. | Case No: 26-cv-01417-RFL-KAW<br><br>**DECLARATION OF CHRISTOPHER J. KISSEL IN SUPPORT OF PROTECTIVE ORDER**<br><br>Assigned to the Honorable Rita F. Lin<br><br>Magistrate Judge Honorable Kandis Westmore |

# DECLARATION OF CHRISTOPHER J. KISSEL

I, Chris Kissel, hereby declare:

1. I have personal knowledge of the facts stated herein and, if called as a witness, would and could competently testify to the truth thereof.

2. I am an attorney licensed to practice law in the State of California and a Deputy Attorney General at the California Department of Justice. In that capacity, I represent the State of California and the California Governor's Office of Business and Economic Development in this litigation. I am also authorized to speak on behalf of the other Plaintiffs in this case for purposes of this declaration.

3. I have consulted with counsel for Defendants who agree to the representations in this declaration regarding the parties' stipulated protective order. I refer throughout to Plaintiffs and Defendants collectively as the parties.

4. Pursuant to paragraph 12 of Magistrate Judge Westmore's Standing Order for Civil Cases, I provide this declaration explaining each modification of the model protective order, which changes are reflected in the redline version of the protective order attached hereto as **Exhibit 1**.

5. In paragraph 2.7, the parties agreed to add language to the definition of "House Counsel" reflecting the fact that Plaintiff States may represent the interests of agencies or instrumentalities of the States, and the States are parties to the action.

6. In paragraph 2.9, the parties agreed to add language to the definition of "Outside Counsel of Record" to clarify that outside counsel for the parties are employees of the United States Department of Justice or States' Attorneys General and represent the parties in that capacity.

7. In paragraph 5.1, the parties agreed that "overbroad" designations of material as confidential should be prohibited as well as "mass, indiscriminate, or routinized" designations.

8. In paragraph 5.2(a), the parties agreed to streamline disputes about confidentiality by providing for more precise designation of the portion of a document designated confidential, to the extent feasible given the limitations of the parties' document review platforms and

considerations of burden. The parties agreed to this with the understanding that precisely designating the portion of a document that is confidential takes time and therefore may affect production timelines.

9. In paragraph 5.2(b), the parties agreed that it would be appropriate to allow either party to designate deposition testimony as confidential for up to one week after the deposition, while the model protective order contemplated such designation would have to occur at the conclusion of a deposition. The parties agreed, however, that the timeline in the model protective order would be appropriate for a pretrial or trial proceeding other than a deposition, as reflected in what is paragraph 5.2(c).

10. In paragraph 6.2, the parties agreed that conferrals about confidentiality designations should occur sooner than contemplated by the model protective order (within five business days rather than 14 days). Similarly, in paragraph 6.3, the parties agreed that the designating party should be required to file any motion to retain confidentiality sooner than contemplated by the model protective order (within 14 or 10 days rather than 21 or 14 days). The parties agreed on both points in the interest of promptly resolving any disputes.

11. In paragraph 11, the parties refer to an e-discovery order rather than the stipulated protective order because the parties are currently discussing an e-discovery order that may include provisions related to privilege.

12. I swear under penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2026, in Los Angeles, California.

*<u>/s/ Christopher J. Kissel</u>*
Christopher J. Kissel

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| STATE OF CALIFORNIA, *et al.*,<br>Plaintiffs,<br>v.<br>CHRISTOPHER WRIGHT, in his official capacity as Secretary of Energy, *et al.*,<br>Defendants. | Case No. 3:26-cv-1417-RFL<br>Judge: Hon. Rita F. Lin<br>Magistrate Judge: Hon. Kandis Westmore |

**STIPULATED PROTECTIVE ORDER**

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

United States District Court
Northern District of California

Deleted: ¶
Formatted: Font: Bold, Font color: Black
Formatted: Right: 0", Line spacing: single, Widow/Orphan control
Formatted: Right: 0"
Deleted: ¶ ¶
Inserted Cells
Formatted: Indent: Left: 0", Hanging: 2.11", Right: 0", Line spacing: Exactly 12 pt, Widow/Orphan control
Formatted: Font color: Black
Deleted: Case No. ¶ ¶ MODEL STIPULATED PROTECTIVE ORDER (for standard litigation)¶ ¶ ... [1]
Deleted: Case No. ¶ ¶ MODEL STIPULATED PROTECTIVE ORDER (for standard litigation)¶ ¶ ... [2]
Formatted: Font color: Black
Formatted: Right: 0", Line spacing: Exactly 12 pt, Widow/Orphan control
Deleted: ¶

Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 House Counsel: attorneys who are employees of a party to this action or of an agency or instrumentality whose interests are directly represented by a party in this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

Deleted: .

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party or who, as employees of the United States Department of Justice and of Plaintiff States' respective Attorneys General, represent parties to this action.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to

limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, routinized, or overbroad designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page of any document that contains protected material and append the legend "CONFIDENTIAL" to the name of each file that contains protected material, to the extent possible within the confines of the document review platform used by the Producing Party. If only a portion or portions of the material in the document qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or highlighting the protected portion(s)). However, if a document (such as a spreadsheet) contains a large volume of data, such that marking the particular portion(s) of the document that qualify for protection would be especially burdensome, or if marking the particular portion(s) of the document that qualify for protection is not possible within the document review

Deleted: or

Formatted: Heading 3

Deleted: .

Deleted: on a page

Deleted: ).¶

platform used by the Producing Party, the Producing Party may mark the document itself as Confidential without marking the portions it contends qualifies for protection. In such instances, within a reasonable time after receiving a Receiving Party's request, the Producing Party will identify the portions of a document that the Producing Party contends are protected. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix and append the "CONFIDENTIAL" legend to any document that contains Protected Material and identify the protected portions in accordance with the foregoing instructions for information in documentary form.

(b) for testimony given in deposition, that the Designating Party shall, whenever possible, identify on the record, before the close of the deposition, all protected testimony. To the extent designation on the record at the time is not possible, the Designating Party shall notify in writing its intent to designate within seven (7) days. If transcript support is available, the notice should list the specific pages and lines of the transcript and/or portions of any other record of the deposition testimony and/or any exhibits the Designating Party designates as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) and any other record of the deposition testimony shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 7-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 7-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.

(c) for testimony given in a pretrial or trial proceeding other than a deposition, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

Deleted: each page

Deleted: . If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

Deleted: portion(s) (e.g., by making appropriate markings

Deleted: the margins).

Deleted: (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. ¶
(c…

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 5 business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only

**Deleted:** 14

if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of the initial notice of challenge or within 10 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 14 days (or 10 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

Deleted: 21

Deleted: 14

Deleted: 21

Deleted: 14

been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or

other person who otherwise possessed or knew the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-

Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to

modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the e-discovery order submitted to the court.

Deleted: stipulated protective

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether

the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**Deleted:** DATED: ______________________

________________________________¶

Attorney for Plaintiff¶

¶

¶

DATED: ______________________

________________________________¶

Attorney for Defendant¶

¶

¶

Dated: September 29, 2026

Respectfully submitted,

**ROB BONTA**
Attorney General of California

By: */s/ Chris J. Kissel*
KRISTI HUGHES (SBN 235943)
RYAN EASON
HARALD H. KIRN
CHRISTOPHER J. KISSEL
DERIN MCLEOD
ZELDA VASSAR
*Deputy Attorneys General*
TODD GRABARSKY
R. MATTHEW WISE
*Supervising Deputy Attorneys General*
600 W Broadway, Ste 1800
San Diego, CA 92101-3375
(619) 738-9000
kristi.hughes@doj.ca.gov

*Attorneys for Plaintiffs State of California and California Governor's Office of Business and Economic Development*

**NICHOLAS W. BROWN**
Attorney General for the State of Washington

By: */s/ Kaia Boonzaier*
KAIA BOONZAIER, CA SBN # 348123
CAITLIN M. SODEN, WSBA # 55457
LEAH A. BROWN, WSBA # 45803
*Assistant Attorneys General*
800 Fifth Avenue, Suite 2000
Seattle, Washington 98104
206-464-7744
kaia.boonzaier@atg.wa.gov
caitlin.soden@atg.wa.gov
leah.brown@atg.wa.gov

*Attorneys for Plaintiff State of Washington*

**PHILIP J. WEISER**
Attorney General of Colorado

By: */s/ Sarah H. Weiss*
SARAH A. KRAKOFF, CBA #27366
Deputy Solicitor General
CARRIE NOTEBOOM, CBA #52910
Assistant Deputy Attorney General
SARAH H. WEISS, CBA #61914
Senior Assistant Attorney General
Colorado Department of Law
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
sarah.krakoff@coag.gov
carrie.noteboom@coag.gov
sarah.weiss@coag.gov

*Attorneys for Plaintiff State of Colorado*

**WILLIAM TONG**
Attorney General of Connecticut

By: */s/ Andrew M. Ammirati*
Andrew M. Ammirati
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Attorneys for Plaintiff State of Connecticut*

**KWAME RAOUL**
Attorney General of Illinois

By: */s/ Paul Berks*
PAUL BERKS
JOANNA BRINKMAN
*Complex Litigation Counsel*
SHERIEF GABER
JASON E. JAMES
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 S. Lasalle St.
Chicago, IL 60603
(773) 919-2923
Paul.Berks@ilag.gov

*Attorneys for Plaintiff State of Illinois*

**ANTHONY G. BROWN**
Attorney General of Maryland

By: */s/ Steven J. Goldstein*
Steven J. Goldstein
Assistant Attorney General
Office of the Attorney General of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
410-576-6414
sgoldstein@oag.maryland.gov

*Attorneys for Plaintiff State of Maryland*

**ANDREA JOY CAMPBELL**
Attorney General of Massachusetts

By: */s/ Vanessa A. Arslanian*
VANESSA A. ARSLANIAN
*State Trial Counsel*
JULIA JONAS-DAY
*Assistant Attorney General*
1 Ashburton Pl.
Boston, MA 02108
(617) 963-2107
vanessa.arslanian@mass.gov
julia.jonas-day@mass.gov

*Attorneys for Plaintiff Commonwealth of Massachusetts*

**JENNIFER L. DAVENPORT**
Attorney General of New Jersey

By: */s/ Jessica Palmer*
Jessica L. Palmer
*Assistant Attorney General*
Yael Fisher
Elizabeth Van Winkle
*Deputy Attorneys General*
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
609-376-2984
Jessica.Palmer@law.njoag.gov

*Attorneys for Plaintiff State of New Jersey*

**LETITIA JAMES**
Attorney General of New York

By: */s/ Matthew Eisenson*
MATTHEW EISENSON
*Assistant Attorney General*
MICHAEL J. MYERS
*Senior Counsel*
KELSEA SUAREZ
*Special Assistant Attorney General*
Environmental Protection Bureau
Office of the Attorney General
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8481
matthew.eisenson@ag.ny.gov
michael.myers@ag.ny.gov
kelsea.suarez@ag.ny.gov

*Attorneys for Plaintiff State of New York*

**DAN RAYFIELD**
Attorney General of Oregon

By: */s/ Coby Howell*
COBY HOWELL
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Coby.Howell@doj.oregon.gov

*Attorneys for Plaintiff State of Oregon*

**PETER F. NERONHA**
Attorney General of Rhode Island

By: */s/ Nicholas M. Vaz*
NICHOLAS M. VAZ
*Special Assistant Attorney General*
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, ext. 2297
nvaz@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

**CHARITY R. CLARK**
Attorney General of Vermont

By: */s/ Jonathan T. Rose*
Jonathan T. Rose
Solicitor General
Office of the Vermont Attorney General
109 State Street
Montpelier, VT 05609
(802) 878-3171
jonathan.rose@vermont.gov

*Attorney for Plaintiff State of Vermont*

**JOSHUA L. KAUL**
Attorney General of Wisconsin

By: */s/ Aaron J. Bibb*
AARON J. BIBB
*Assistant Attorney General*
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
(608) 266-0810
aaron.bibb@wisdoj.gov

*Attorney for Plaintiff State of Wisconsin*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MARC S. SACKS
Deputy Director

KEVIN P. VANLANDINGHAM
Assistant Director

*/s/ Bethany R. Theriot*
BETHANY R. THERIOT (D.C. Bar 1022065)
TIFFINEY F. CARNEY
Trial Attorneys
U.S. Department of Justice
Civil Division
Corporate/Financial Litigation Section
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044-0875
Tel: (202) 307-0244
Email: bethany.theriot@usdoj.gov

*Attorneys for Defendants*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: ______________________________

The Honorable Rita F. Lin
United States District Judge

Formatted: Font: Bold

Formatted: Right: 0", Space After: 6 pt, Line spacing: Exactly 26 pt, Widow/Orphan control, Tab stops: 0.4", Left + 0.8", Left + 1.2", Left + 1.6", Left + 2", Left + 2.4", Left + 2.8", Left + 3.2", Left + 3.6", Left + 4", Left + 4.4", Left + 4.8", Left + 5.2", Left + 5.6", Left + 6", Left + 6.4", Left + 6.8", Left + 7.2", Left + 7.6", Left + 8", Left + Not at 3.25"

Deleted: DATED: ______________________ ______________________________¶

Deleted: /Magistrate

Formatted: Right: 0", Line spacing: single, Widow/Orphan control, Tab stops: 0.4", Left + 0.8", Left + 1.2", Left + 1.6", Left + 2", Left + 2.4", Left + 2.8", Left + 3.2", Left + 3.6", Left + 4", Left + 4.4", Left + 4.8", Left + 5.2", Left + 5.6", Left + 6", Left + 6.4", Left + 6.8", Left + 7.2", Left + 7.6", Left + 8", Left + Not at 3.25"

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of ***California, et al., v. Wright, et al.*** **2:26-cv-01417-RFL**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __________________________ [print or type full name] of _______________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ______________________________________

City and State where sworn and signed: _________________________________

Printed name: _______________________________

Signature: __________________________________

Deleted: ¶
Page Break
¶

Deleted: __________ [insert formal name of the case and the number and initials assigned to it by the court].

| Page 1: [1] Deleted | Author | 9/29/2026 2:13:00 PM |
| --- | --- | --- |

| Page 1: [2] Deleted | Author | 9/29/2026 2:13:00 PM |
| --- | --- | --- |